*Northern District*

No. 5311

**EDNA V. MORTON ET AL**
v.
**BASILLO N. LANZILLI**

(December 21, 1959)

*Present:* Eno, J. (presiding), & Northrup, J.

Case tried to *Brooks, J.,* in the First District Court of Eastern Middlesex. No. 2096 of 1958.

*Northrup, J.* This is an action of tort brought by the plaintiff Edna V. Morton and her husband, Harry H. Morton to recover damages for personal injuries and consequential loss allegedly sustained by them respectively, as the result of an automobile accident which occurred on January 18, 1958 in a private commercial parking area near Wellington Circle in Medford, Mass.

*At the trial there was evidence tending to show that* on said date at about 4:40 P.M. the defendant, who had had his automobile parked in said area, backed out of his parking space and drove forward along one of the driving lanes of said parking area. It was cold and was snowing at the time and the surface of the parking area was icy. The defendant proceeded along said lane for a distance of approximately six or seven car lengths when, at the intersection with another lane, his motor vehicle was in collision with a motor vehicle operated by a Mr. Buckley and in which the plaintiff, Edna V. Morton

was a passenger. The defendant's motor vehicle after it left its parking place had been driven by the defendant in second gear and at a top speed of approximately *ten* miles an hour. Before the collision the defendant saw the Buckley car approaching the intersection on his left and at that time it was being operated at a speed of approximately *five* to *eight* miles an hour. The defendant applied his brakes and his automobile skidded, the right front of the defendant's automobile coming in contact with the left front wheel and fender of the Buckley car. The plaintiff Edna V. Morton and also a passenger in the defendant's automobile suffered personal injuries. The damage to the Buckley automobile amounted to $190.00 and to the defendant's motor vehicle $25.00.

There was other testimony, that Buckley first saw the defendant's motor vehicle approaching the intersection on his right when it was approximately twenty-four (24) feet away, and at that time, his motor vehicle was two thirds of the way into the intersection. He applied his brakes and stopped in one-half a car's length without skidding and the defendant's motor vehicle skidded for a distance of about two car lengths into the front side of the Buckley motor vehicle. The lanes at said intersection were approximately eighteen feet in width. Photographs showing the damage to the defendant's motor vehicle and the points of contact were introduced in evidence, and the Court also took a view of the defendant's motor vehicle.

At the close of the trial and before the final arguments the defendant made the following requests for rulings:

"1. That skidding, alone, is not even evidence of negligence."

"2. A finding of negligence of the operator of an automobile is not warranted by evidence merely that it skidded on an icy and slippery road and collided with another, stationary automobile."

The court allowed both of the defendant's requests.

The court found for the plaintiff, Edna V. Morton, and assessed damages in the sum of $1,586.72, including interest, and for the plaintiff, Harry V. Morton, and assessed damages in the sum of $161.58, including interest. Defendant filed a motion for a new trial and a draft report, on both of which there was a hearing, at which time defendant filed the following requests for rulings:

1. On motion for a new trial, the court has power to cancel any mistakes in its findings.

2. On motion for a new trial, the court has the power to revise its findings so that the same may be in accordance with the rules of law set forth in the defendant's requests for Rulings made at the trial, and allowed by the court.

3. Requests for Rulings made by the defendant at the trial and allowed by the court, thereby became rulings of law for the guidance of the court, and failure to apply them to the evidence, was error.

The court allowed all the Requests for Rulings and denied the motion for a new trial. Thereafter, the court made a special finding of fact as follows: 'I find that the de-

fendant was negligent, and that the plaintiff was in the exercise of due care'.'

Subsequently, the defendant filed a petition to vacate the special finding on the grounds that said special finding was inconsistent, on its face, with the allowance of defendant's Request No. 3 on the motion for a new trial noted above. Said petition was denied.

The Court thereafter further amended its action in disposing of defendant's third Request for Ruling on the motion for a new trial. It revoked its ruling, allowing the third Request, and denied the same on the ground that while the first part of the Request was a proper statement of law, the last part was incorrect and inconsistent with the court's finding.

The defendant's only claim of aggrievement is that the Trial Court allegedly failed to apply to the evidence, the two requests for rulings filed by the defendant at the trial and allowed by the Court.

It is well settled that no question of law is raised by the allowance by a trial court of a party's requests for rulings. In *DiLorenzo v. Atlantic National Bank,* 278 Mass. 321, 323 the Court said that a party making requests for rulings of law has no right to complain that they were granted.

The only remedy which an aggrieved party has under such circumstances, is to raise the question of the consistency of the Court's findings with its rulings on the aggrieved party's requests or in other words, the question of the failure of the trial court to apply the request for rulings, to the evi-

dence. Such issue may be raised in two ways (1) by a motion for correction of the court's finding. (*DiLorenzo v. Atlantic National Bank,* 278 Mass. 321, 323) or (2) by a motion for a new trial based upon the trial court's alleged inconsistency (*Duralith Corp. v. Leonard,* 274 Mass. 397, 408). The denial by the trial court of either of said motions, when properly objected to, gives the objecting party grounds for review. *Duralith Corp. v. Leonard,* 274 Mass. 397, 401; *DiLorenzo v. Atlantic National Bank,* 278 Mass. 321, 324; *Memishian v. Phipps,* 311 Mass. 521, 525; *Langdoc v. Gevaert Co. of America,* 315 Mass. 8, 12; *Low Supply Co. v. Pappacostopoulous,* 283 Mass. 633, 635; *Korb v. Albany Carpet Co.,* 301 Mass. 317, 318; *Canton v. Winslow Bros. and Smith Co.,* 309 Mass. 150, 154. However, in the case at bar, the procedure essential to the proper presentation of this issue to this Division was not followed. The defendant did not file a motion for correction of the finding and his motion for a new trial is inadequate since the grounds upon which said motion is based are not set forth in the report nor are they incorporated in it by reference or otherwise.

The report states merely that the defendant filed a motion for a new trial. Admittedly there are many grounds upon which a motion for a new trial may be predicated but, unless the grounds alleged in the defendant's motion for a new trial were the same as those upon which his claim of aggrievement is based, *to wit,* — the failure of the Trial Court to apply the defendant's requests to the evidence,

(and we have no way of knowing whether they were or not), no question of such inconsistency would be raised. In the case at bar however, even if the defendant in his motion raised the question of inconsistency, he nevertheless, failed to protect his rights by not objecting to, and requesting a report on, the Trial Court's denial of the same. In fact, so far as the report is concerned, the defendant did not object to any action taken by the Trial Court subsequent to its finding for the plaintiffs nor has the defendant predicated any claim of aggrievement thereon. Since the report is lacking in essential details and, since also, the defendant has failed to protect his rights by proper objections, it is doubtful if the report in this case raises any issue whatever for our determination, the only alleged error being the Court's allowance of the defendant's requests for rulings.

Nevertheless, as the substantive rights of the plaintiffs are not affected thereby, we consider the issue sought to be raised by the defendant, to the same extent as if it were properly before us and we find no inconsistency between the Court's finding and the defendant's requests for rulings as claimed by the defendant.

It is of course well settled, and the Trial Court so ruled, that the mere skidding of a motor vehicle is no evidence of negligence: *Williams v. Holbrook*, 216 Mass. 239, 103; *Kelliher v. Newburyport*, 227 Mass. 462, 464, 116; *Mazmanian v. Kuken*, 285 Mass. 516, 518, 189; *Goyette v. Amor*, 294

Mass. 355; *Sherwood v. Radovsky,* 317 Mass. 307, 308.

However, in addition to evidence of skidding, there may be evidence of other acts or omissions on the part of the operator of a motor vehicle tending to show that the skidding was caused or accompanied by some act of negligence. Therefore, all evidence pertaining to the circumstances surrounding an accident and the conditions under which the same occurred, is material on the question of liability and must be considered by the Court in determining the issue of the defendant's negligence. *Loftus v. Pelletier,* 223 Mass. 63; *Lambert v. Eastern Mass. St. Ry.,* 240 Mass. 495, 499; *Hennessey v. Moynihan,* 272 Mass. 165.

The defendant's claim pre-supposes, erroneously, that the only evidence in the case at bar bearing on the question of liability is the evidence that the defendant's motor vehicle skidded. According to the report, there was however considerable other evidence in the case bearing on the question of the liability such as (1) the distance the defendant's automobile skidded, (2) the respective speed of the motor vehicles, (3) the absence of skidding on the part of the Buckley motor vehicle, (4) the points of contact, (5) the nature and extent of the property damage and the personal injuries, (6) the road and weather conditions, and (7) all of the other circumstances pertinent to and surrounding the incident.

Since the Trial Court emphatically stated its position to the effect that its finding was

not based upon the mere skidding of the defendant's motor vehicle, it is obvious that its finding must have been based upon some of the other or additional evidence in the case bearing on the question of liability upon which, incidentally neither of the defendant's requests are predicated.

The defendant argues however, that even if there were additional evidence on the question of liability, such evidence was insufficient to warrant a finding by the Trial Court that the defendant was negligent. While this contention may appeal to our sympathy, it fails in its appeal to our reason since the question of the sufficiency of the evidence to warrant a finding for the plaintiff is not before us. It has not been raised by any request for ruling, nor has it been raised in any other manner.

The defendant contends that this issue is raised by the Trial Court's denial of his motion for a new trial. However, whether such issue would have been raised by the defendant's objection to the Trial Court's denial of a motion for a new trial based upon the grounds of the sufficiency of the evidence, we find it unnecessary to decide as the report does not show that the defendant's motion was in fact based upon said grounds nor does it show that the defendant made an objection to or requested a report on the Trial Court's denial of said motion. Furthermore the defendant makes no claim of aggrievement with respect to the Trial Court's ruling on the same. We therefore, do not decide the question of whether the evidence in the case

at bar is sufficient to support the Trial Court's finding as that issue has not been raised by the report and is not before us.

The report in this case rests solely upon the allowance by the Trial Court of the defendant's two requests for rulings and his sole claim of aggrievement is that there was an inconsistency between the finding for the plaintiff and the allowance of the defendant's said request No. 3. Since however, we find no error by the Trial Court in the allowance of the defendant's said requests and no inconsistency between the Trial Court's rulings thereon and its finding, the report must be dismissed. *So Ordered.*

Goldberg & Glaser, of Malden for the Plaintiffs.

Weber, Rooney & Riley and Alan M. Winsor, of Boston for the Defendant.