*Western District*

## DORIS DYGON

v.

## BIG Y FOODS, INC.

Argued: Nov. 23, 1970 - Decided: Nov. 27, 1970

*Present:* Garvey, P.J., Allen, Sloan, J.J.

Case tried to: *Blassberg, J.,* in the District Court of Chicopee, No. 19692.

**Garvey, P.J.** In this tort action the plaintiff seeks to recover for injuries she sustained when she fell on a "foreign substance" on the business premises of the defendant. After a trial and a finding for the defendant, the plaintiff claimed a report.

We summarize the reported evidence pertinent to the issues presented.

The defendant operates a super-market in Chicopee. The plaintiff was an employee of Liberty Bakeries, a tenant of the defendant on its premises. About 9:00 A.M. on January 11, 1966 she reported for work.

A door was opened to admit her as the market was not, at this time, open to the public. As she walked down an aisle toward the part of the premises occupied by her employer "she slipped or fell to the floor". One Jennings, an employee of the defendant, was in the store near the plaintiff.

She "testified that she had stepped on a piece of meat which had spread, smeared and skidded along the floor". Jennings, the only other witness, "observed that the meat, (about the size of a quarter,) had spread, smeared and skidded along the floor." It was covered with sawdust

and was dried and crusty. The meat counters were stocked the night before the accident.[1]

At the close of the trial the plaintiff filed eight requests for rulings of law, six of which were allowed and two denied. In denying requests numbered 6 and 7 which were directed to the defendant's duty, the judge found:

"6 and 7 — Upon all evidence, I find that the plaintiff has failed to sustain the burden of proof that the foreign substance on the floor was dropped by employee or employees of the defendant or that the premises were in an unsafe condition. I therefore deny rulings of law in #6 and #7 as inapplicable in view of my finding for the defendant."

The plaintiff's sole claim of error is not to the denial of these two requests but to the allowance of her request numbered 5 which reads:

"When a foreign substance has been dropped on the floor of premises by an employee of the one in control of the premises or has been left on the floor for a long time or has been in the plain view of an employee, then the one in control of the premises knew or should have known of the unsafe condition created and breached its duty of care in not removing the substance. It is

---

[1] The report does not indicate the location of the meat counters in reference to where the plaintiff fell and whether the sawdust covered the entire aisle or merely the place of the fall.

negligent and therefore liable to third parties rightfully on the premises who sustain injuries as a result of the unsafe condition."

█ █ We find no error. It would have been preferable for the judge to have denied this request on the ground that it did not correctly state the law , was improperly phrased or was premised on facts not found by him. But we fail to see how the plaintiff was harmed by its allowance. *Daniel* v. *Jardin*, 320 Mass. 764. Her request was based on facts — the meat "dropped" on floor by an employee — left on the floor for a "long time" — defendant "knew or should have known of the unsafe condition". Either the reported evidence did not justify such findings or were specifically found to the contrary by the judge.

We assume for the purpose of our discussion that the plaintiff was a business invitee, not guilty of contributory negligence and that the premises were under the control of the defendant.

█ The rule in "foreign substance" cases is familiar. A store-keeper must use due care to keep his premises reasonably safe for use by his customer and must warn him of unknown dangers where a dangerous condition arises unless the customer had, or should have had knowledge of the condition. The law allows the store-keeper a reasonable opportunity to be informed of any unsafe condition and take mea-

sures to remedy it. *Berube* v. *Economy Grocery Stores, Inc.*, 315 Mass. 89, 91. *Young* v. *Food Fair, Inc.*, 337 Mass. 323, 325. *Kanter* v. *Mass. Wholesale Food Terminal, Inc.*, 340 Mass. 339. *Chastain* v. *Hotel Commander Inc.*, 336 Mass. 603. See article by Spangenberg, ''Fall-Down'' (Part 2) 47 Mass. L. Q. Article by Prue, Boston Univ. Law Review, Vol. 46, p. 231 (1966).

 How the meat got on the floor and how long it had remained there were matters of speculation. *Uchman* v. *Polish Nat'l. Home, Inc.*, 330 Mass. 563. See cases collected in *Bishop*, Mass. Practice Series, §718. Note 4.

 The plaintiff argues that the judge was inconsistent in allowing the request and then finding for the defendant. ''It has been repeatedly held that where a general finding is inconsistent with the granting of a request, the remedy is not a report but a motion to correct the inconsistency or a motion for a new trial.'' *Vieira* v. *Balsamo*, 328 Mass. 37, 39. This remedy was not timely followed by the plaintiff.

 The plaintiff also argues that on the evidence the judge was required to infer the basic facts on which her request was premised. This doctrine, on a proper evidentiary basis, merely permits the judge, if he sees fit, to draw an inference. He is not required to do so, and here he obviously chose not to. *Evangelio* v. *Metropolitan Bottling Co. Inc.*, 339 Mass. 177, 180.

 And finally the plaintiff contends the judge's findings of fact were too meagre to sup-

port his general finding. Although desirable, findings of fact need not be made by a trial judge. *Castano* v. *Leone*, 278 Mass. 429, 431. *Stella* v. *Curtis*, 348 Mass. 458, 461. *Dolham* v. *Peterson*, 297 Mass. 479, 481. Here the judge specifically found that the plaintiff had failed to prove that the foreign substance was dropped by an empoyee or that the premises were in an unsafe condition. These findings were adequate and warranted by the evidence. *Kerr* v. *Palmieri*, 325 Mass. 554, 556.

**The report is to be dismissed.**

HENRY A. MORAN, JR.

of Springfield for the Defendant.

ROBINSON, DONOVAN, MADDEN and BARRY

of Springfield for the Plaintiff.