No. 294747

**MORRIS PERKIS, ET AL**

v.

**ALLAN LIPSON, ET AL**

Argued: Mar. 23, 1973 - Decided: Apr. 26, 1973

*Present:* Glynn, J. (Presiding), DeGuglielmo, Doerfer, JJ.

**Doerfer, J.** This is a contract action for money due under a promissory note and written extension agreement, both of which are attached to the declaration and which were received in evidence. The answer was by way of general denial and payment.

The note was dated July 24, 1967 and was due one year therefrom, with payment of only interest at 6% per annum to be made monthly. The extension agreement is dated July 24, 1970 and states in material part that the time for payment of the note was extended to July 24, 1971, and ''[the defendants] hereby covenant and agree that they will not require the holders of said note and mortgage to receive payment or said mortgage debt during said extended terms; that until same is fully paid, they will promptly pay the interest now due and to become due thereon in accordance with the terms of said note and mortgage, except that interest shall be payable on the unpaid balance of such note at the rate of one and one-half per cent (1½%) per month; ...''

There was uncontradicted evidence that interest payments were thereafter made, commencing in August of 1970, to April of 1971; that in the spring of 1971 defendants requested that plaintiffs accept early payment, which request was refused unless there was full payment of interest for the year; and that plaintiffs accepted principal in advance "conditioned on full payment of interest"; that subsequently the sum of $1,554 was placed in escrow, and the principal was paid, plaintiff's counsel insisting that interest was owed.

The trial judge found as a fact that payment of principal was accepted by the plaintiff in advance only on the condition that interest due on the note for the entire year would be paid. He denied the defendant's requests for rulings that

"1. The evidence and pleadings require a finding that if plaintiffs or their assignees accepted payment of the mortgage before the year was up there were no further interest payments due.";

"2. The evidence and pleadings do not warrant a finding other than that of pre-payment was accepted in advance interest ceased on the date of pre-payment.".

In view of the express finding of the trial judge and the "uncontradicted" evidence upon which it was based, the defendants' requests for rulings were properly denied. By

the extension agreement the defendants expressly covenanted that they would not require the plaintiff to receive payment of the mortgage debt. When they attempted to breach this covenant by seeking to make payment to the plaintiffs, the plaintiffs refused to be relieved of the benefits of their bargain. Finally, the plaintiffs did accept payment of the principal in advance, but expressly reserved all their rights to receive interest on the entire principal for the entire year.

The defendants argue that the trial judge "failed to construe the anticipation clause which was incorporated in the instrument in favor of the defendants". Presumably they are referring to the language in the original note by which the maker or holder promised to pay the note "in or within one (1) year from the date hereof, together with interest, payable monthly, on the unpaid principal balance at the rate of six percent (6%) per annum". The defendants state that "no parole evidence could alter the plain meaning of the instrument". But the extension agreement expressly bound the defendants not to require the holder of the note to receive payment during the extended term, and thereby modified (in writing) any rights of the defendants to the contrary under the note.

Furthermore, the oral insistence by the plaintiffs on their rights under wirtten docu-

ments is not "parole evidence" tending to alter the meaning of a written instrument.

The plaintiff's declaration is based upon the note and the extension agreement. The relief granted is within the relief sought by the pleadings.

The defendants do not contend that insistance by the plaintiff on payment of interest for the entire year even though principal was paid prior to the end of the year is unlawful, if otherwise required by the terms of the agreement. In any event, it does not appear on this record that anticipatory prepayment would be prohibited either by G.L. c. 183, §56 or G.L. c. 140, §90A.

The defendants argue that the plaintiff would be unjustly enriched by receiving interest on money which had already been paid back. Indeed, they will be enriched, but not unjustly. Plaintiffs bargained for the benefit of interest on the entire principal for the entire year, and they are entitled to the benefits of this bargain. By paying the entire principal to the plaintiffs prior to the time it was due, the defendants gambled and lost on a doubtful legal proposition that they could force the plaintiffs to give up the benefits of the agreement between them.

We therefore find no error in the rulings of the trial judge. The report should be dismissed. **Report dismissed.**

(Justice Glynn disqualified himself from con-

sideration of this case and participation in the decision thereof.)

MARK J. WHITKIN
  for the Plaintiff
THOMAS D. O'BRIEN
  for the Defendant