This certifies that this is the opinion of the Appellate Division in this cause.

Charles R. Jannino
Clerk, Appellate Division

## RO-BAR REALTY, INC.
### v.
## WARREN FIVE CENTS SAVINGS BANK

### No. 8679

District Court Department
Appellate Division, Northern District
Trial Court of the
Commonwealth of Massachusetts

**August 4, 1981**

Arnold Y. Tarlow, Esq., counsel for plaintiff
John A. McNiff, Esq., counsel for defendant

## OPINION

COWDREY, P. J. This is an action in contract to recover $2,133.00 in prepayment charges paid to the defendant to secure the early discharges of two mortgages. The trial court found for the defendant.

The reported evidence indicates that the plaintiff is a corporation engaged in real estate speculation in the form of the purchase, improvement and resale of properties. The plaintiff had obtained mortgage financing from the defendant for various ventures since 1964.

On August 26, 1974 and November 4, 1975, the plaintiff executed two promissory notes to the defendant in the sum of $42,000.00 and $33,000.00 respectively. Said notes were secured by first mortgages on two parcels of real property purchased by the plaintiff, and were payable in twenty-five years from the date of execution.

Neither note authorized full payment of the principal balance before maturity.

There was evidence that the plaintiff did not intend to retain possession of either property for the full twenty-five year term of the applicable mortgage, but instead planned to resell the properties at a profit within a short period of time. The defendant bank hoped to receive mortgages on the properties from the new purchasers. At the time of the execution of the promissory notes in question, the defendant's loan officer added provisions to each of the plaintiff's loan applications for personal endorsement of the notes and for a three percent penalty. The plaintiff's corporate officer thereafter signed and received from the defendant two Federal Truth-In-Lending disclosure statements which contained the following language: "Other penalty; 3% penalty;" and "Other penalty: 3% penalty if Bank does not receive permanent loan."

Upon the subsequent sale by the plaintiff of the properties in question, the defendant insisted upon and received a payment of $1,213.00 on the note dated August 26, 1974 and $920.00 on the November 4, 1975 note. These sums represented three percent of the outstanding principal balance of each note, and were demanded by the defendant as a condition both for its acceptance of the prepayment of the loans and for its discharge of the mortgages. The defendant did not receive mortgages from the purchasers of either property.

The trial court found, **inter alia,** that:

"Neither note permitted the payment (prepayment) of the principal balance before maturity of the note twenty-five years from its date.

"The plaintiff and the defendant understood when the notes were executed, however, that the plaintiff would be desiring to sell the real estate in the near future, and the plaintiff would be permitted to make a prepayment on the mortgage. It was also understood that the defendant would receive 3% of the unpaid principal balance as a consideration for the defendant accepting prepayment of the mortgage, if the defendant did not receive the permanent financing from the new purchasers of the real estate."

Judgment was entered for the defendant.

The plaintiff is now before this Division claiming to be aggrieved by the trial court's disposition of the following requests for rulings of law:

"1. The evidence warrants a finding for the plaintiff.

ALLOWED.

"1A. The defendant may not charge a penalty to discharge the plaintiff's obligation in absence of an agreement to the contrary.

ALLOWED.

"2. The evidence does not warrant a finding for the defendant.

DENIED.

"3. If a note or notes allow the holder to collect the entire monetary obligation of principal and all future interest, such provisions in the note would operate as a penalty and would be unenforceable except as to the principal and interest due on the date the obligation was paid off.

DENIED—INAPPLICABLE TO FACTS OF THIS CASE.

1. The plaintiff is not entitled to a review of the trial court's allowance of requests for rulings 1 and 1A. No question of law is raised by such allowance, **Morton v. Lanzilli,** 18 Mass. App. Dec. 113, 117 (1959), and the plaintiff cannot properly claim to be aggrieved by the entry of a ruling in its favor. **Cournoyer v. Davis,** 1977 Mass. App. Div. Adv. Sh. 1032, 1038; **Dygon v. Big Y. Foods, Inc.,** 45 Mass. App. Dec. 154, 158 (1970). The apparent basis of the plaintiff's charge of error is an alleged inconsistency between the court's allowance of requests 1 and 1A and the

court's general finding for the defendant. The appropriate remedy, where an inconsistency is alleged, is not a report to this Division but rather a motion to correct the inconsistency or a motion for a new trial directed to the trial court. **Smith v. H. P. Hood & Sons, Inc.,** 52 Mass. App. Dec. 10, 15-16 (1973); **Nelson vs. Quincy Mutual Fire Ins. Co.,** 42 Mass. App. Dec. 7, 9 (1969). The plaintiff failed to submit such a motion, and the question of an alleged inconsistency is thus not open to the plaintiff on this appeal. **Warren Bros. Co. v. Travi,** 53 Mass. App. Dec. 141, 147 (1974) and cases cited.

2. No error attended the denial of plaintiff's requested ruling number 3. There is no suggestion in the reported evidence that the defendant ever demanded, or that the plaintiff tendered, full payment of the total principal and all future interest contemplated by the notes in question. A request for ruling of law which is either inapplicable to the operative facts of a case or rendered immaterial by a trial justice's subsidiary findings is properly denied. **A.B.C. Realty Assoc. of Braintree, Inc. v. Oakhem,** 59 Mass. App. Dec. 179 (1976); **Goodwin Bros. Leasing, Inc. v. Nousis,** 59 Mass. App. Dec. 42 (1976).

3. Finally, the denial of requested ruling number 3 was proper as a general finding for the plaintiff herein was not required as a matter of law. **Heil v. McCann,** 360 Mass. 507, 511 (1971).

Contrary to the plaintiff's contention, the prepayment charges at issue did not constitute liquidated damages not contemplated or specified in the notes and thus not recoverable by the defendant. The plaintiff's prepayment of the promissory notes at issue was a voluntary election to obtain an early discharge of its obligations to the defendant. Cases concerning penalties payable in the event of breach as liquidated damages under an acceleration clause are wholly inapposite to this action. **Renda v. Gouchberg,** 4 Mass. App. Ct. 786 (1976).

Second, the prepayments in question do not represent arbitrary or unconscionably excessive penalties unenforceable at law. See, **A-Z Servicecenter, Inc. v. Segall,** 334 Mass. 672, 675 (1956). The plaintiff is correct in its assertion that the promissory notes contained no explicit limitation on the amount to be charged the maker in the event of prepayment. The absence of such limitation, however, does not serve to proscribe the imposition of any prepayment fee by the defendant. A limitation on the amount to be charged for a prepayment of the loans was not specified in the notes at issue simply because prepayment itself was not therein contemplated. As no provision for prepayment[1] was incorporated into the notes[2] the defendant was in no way

[1] The plaintiff's notes did provide that: "To the extent that the mortgage securing this note subjects this note to the provisions of G.L., chapter 183, section 56 repayment hereunder will be pursuant to the terms of said statute." Section 56 was inapplicable, however, as the mortgaged property was not occupied or intended to be occupied by the plaintiff-mortgagor.

[2] The reference to a "3% penalty" in the disclosure statements and loan applications did not necessarily signify that prepayment was permitted. The contents of these documents do not appear to have been incorporated in any way into the parties' ultimate written agreements; namely, the promissory notes. The notes do not contain an integration clause; and such integration cannot be inferred from the operation of law as this was a commercial rather than consumer transaction and the defendant was thus not required to issue disclosure statements to the plaintiff. See G.L. c. 140C, ss. 1(j), (n) and (2). The explicit description of repayment terms and the reference of G.L. c. 183, s.56 in the notes create a presumption that the promissory notes at issue constituted the complete and final agreement between the parties. See, **Aerostatic Eng. Corp. v. Szczawinski,** 1 Mass. App. Ct. 141, 143 (1973); *Loveland* v. **Epstein Drug Co.,** 227 Mass. 311, 315 (1917); 9 Wigmore, Evidence, s.2430. The subject matter of the parties' discussions embodied in the disclosure statements and applications would appear to have been superseded by, and merged into, the notes. See generally, **Canney v. New England Tel. & Tel. Col.,** 353 Mass. 158, 165 (1967); **Butler** v. **Prussian,** 252 Mass. 265, 268 (1925). Such memoranda may be deemed to constitute evidence of prior negotiations which evolved into a subsequent agreement or contract between the parties for prepayment.

obligated to accept full payment of the plaintiff's indebtedness prior to the expiration of the twenty-five year term of the notes. **Barrell v. Britton,** 252 Mass. 504, 507 (1925); **Silva v. Turner,** 166 Mass. 407, 411 (1896). The defendant's actual acceptance of full prepayment by the plaintiff indicates that the parties effected a subsequent agreement modifying the note provisions so as to permit prepayment. The sums remitted by the plaintiff to the defendant may thus be characterized as contract consideration to which the defendant was entitled. The specific amounts were not patently excessive or unreasonable; and they may be upheld as bearing a "rational relation" to the defendant's actual damages on prepayment in the sense of representing the defendant's benefit of its earlier bargain with the plaintiff. See, **Manganaro Drywall, Inc. v. Penn-Simon Construc. Co.,** 357 Mass. 653, 657 (1970); **Renda v. Gouchberg, supra** at 786; **Perkis v. Lysson,** 51 Mass. App. Dec. 124, 128 (1973).

There being no error, the report is hereby dismissed.

**So ordered.**
**Elliott T. Cowdrey, P.J.**
**John P. Forte, J.**
**Richard L. Banks, J.**