Jodrey, J.
In this action, the plaintiff seeks to collect unpaid premiums for a fire and liability insurance policy on two buildings owned by the defendant. The defendant counterclaimed for the return of all previously paid premiums. The principal question in this case is whether, under the circumstances hereafter narrated, actual coverage would have existed had a loss occurred.
The court found in favor of the plaintiff in the case-in-chief, and against the defendant on defendant’s counterclaim.
At the trial, there was evidence that the defendant requested the plaintiff to place insurance in the amount of $325,800.00 for fire and extended coverage on two (2) buildings owned by her and located at 1411 and 1415 Beacon Street, Brookline, Massachusetts. The total premium for said coverage was $9,139.00. Thereafter, at the defendant’s request, the coverage was reduced to $187,500.00, and a credit of $3,290.00 was given the defendant toward the premium. The defendant paid a total of $2,000.00, on the premium. On December 16,1981, the plaintiff cancelled the insurance policy because of non-payment of premiums and another credit of $948.00 was given to the defendant, leaving a balance allegedly due the plaintiff of $2,901.00.
Important to a consideration of the issues presented by the appeal are two provisions of the insurance policy. The first, which limits the insurer’s liability, so far as pertinent,reads as follows:
Unless otherwise provided in writing added hereto, this company shall not be liable for loss occurring . . ,,(b) while the described premises, whether intended for occupancy by owner or tenant, are vacant or unoccupied beyond a period of sixty consecutive days.
The other provision is a general purpose endorsement in this language: Amendment to policy.
*59 It is hereby agreed that coverage is provided on these buildings undergoing renovation and remodeling at 1411 and 1415 Beacon Street, Brookline, Massachusetts.
At the trial, there was testimony by Burton Foster, the agent of the plaintiff, and Ignatius Theodoro, the agent of the defendant, which tended to show the following:
As of November, 1979, all the tenants who were living in the building located at 1411 Beacon Street, moved out, and the building remained vacant and empty since that time. Between December 22 and 24,1980, all the tenants moved out of the building located at 1415 Beacon Street. After December 24, 1980, no one was living in either building. Both buildings contained no furniture. They were empty. All the utilities had been disconnected, and the windows had been boarded.
Theodoro, testified that between Christmas and New Years, 1980, he telephoned Foster, the plaintiffs agent, and told him that as of that time both buildings were vacant. Foster admitted in cross-examination that Theodoro had so informed him. Theodoro also testified that he said to Foster during that conversation, “make sure there is coverage on the buildings,” and Foster replied, “don’t worry. I’ll take care of it.” Foster asked Theodoro what his plans were for the building. Theodoro replied that he was going to renovate them eventually, but first he had to obtain permission from the Town of Brookline to change the existing use of the buildings, obtain financing, and have plans prepared. Thereafter, the defendant contacted architects to obtain estimates for the work to be done on the buildings. However, no building permit was ever issued, and no work was actually done in either building. As of the date of the trial, March 2,1983, the buildings were exactly in the same condition as they were in late December, 1980; namely, no one was living in them, they were empty, the windows were boarded, and the utilities were still disconnected. Theodoro also testified that in September, 1982, a “for rent” sign was placed on the buildings, advertising spring 1983 occupancy.
On December 11,1980, a Board of Appeals hearing for a modification of a previous order to change the residential use of the buildings took place. The report is silent as to the results of said hearing.
Theodoro testified that about the end of March, 1981, he saw the general purpose endorsement to the policy for the first time; and he orally complained to Foster that the endorsement was incorrect and, as a result, the policy did not provide any coverage. Foster replied that he would take care of it. The defendant never complained in writing to the plaintiff about the alleged lack of coverage. However, each time that Foster asked for money Theodoro questioned whether there was coverage under the policy. Theodoro also testified that because of Foster’s assurances that he would correct the endorsement, the defendant paid the plaintiff the sum of $2,000.00, on account of the policy. Theodoro also testified that when no change was made on the endorsement, no further payments were made.
Foster testified that in December, 1980, Theodoro told him that he was going to renovate and remodel the property. Foster also denied that he had any conversation with Theodoro in which Theodoro asked him to make any changes in the endorsement.
At the close of the evidence and before final arguments, the defendant filed requests for rulings on law which, together with the Court’s action thereon, are as follows:
On the case-in chief (Burton Foster Insurance v. McNeil:)
*60 1. The evidence is insufficient to warrant a finding for the plaintiff DENIED.
2. The evidence is insufficient to warrant a finding for the plaintiff in the amount of $2,901.00.
DENIED.
3. The evidence is insufficient to warrant a finding against the defendant.
DENIED.
4. The evidence is insufficient to warrant a finding against the defendant in the amount of $2,901.00.
DENIED.
5. The evidence warrants a finding for the defendant.
ALLOWED, but I do not so find.
6. The evidence warrants a finding that the buildings located at 1411 and 1415 Beacon Street, Brookline, Massachusetts, were vacant from at least December, 1980, to at least December, 1981. Request for finding of fact, not required to rule.
7. The evidence warrants a finding that the buidings located at 1411 and 1415 Beacon Street, Brookline, Massachusetts, were unoccupied from at least December, 1980, to at least December, 1981. Request for finding of fact, not required to rule.
8. The evidence requires a finding that the buildings located at 1411 and 1415 Beacon Street, Brookline, Massachusetts, were vacant from at least December, 1980, to at least December, 1981. Request for findings of fact, not required to rule.
9. The evidence requires a finding that the buildings located at 1411 and 1415 Beacon Street, Brookline, Massachusetts, were unoccupied from at least December, 1980, to at least December, 1981. Request for finding of fact, not required to rule.
10. The evidence is insufficient to warrant a finding that the buildings located at 1411 and 1415 Beacon Street, Brookline, Massachusetts, underwent renovation or remodeling during the period of the insurance policy in question (from February 13,1981 to December 16,1981, when it was cancelled.) Request for finding of fact, not required to rule.
11. Under the insurance policy in question, including any endorsements thereto, there is no coverage for the buildings located at 1411 and 1415 Beacon Street, Brookline, Massachusetts, while said buildings are vacant or unoccupied beyond a period of sixty consecutive days. (See lines 30 - 35 of insurance policy.)
DENIED.
12. The document attached to the policy in question entitled ‘General Purpose Endorsement’ which states, ‘It is hereby agreed that coverage is provided on these buildings undergoing renovation and remodeling at 1411 and 1415 Beacon Street, Brookline, MA.’ does not alter or negate lines 30 - 35 of the printed portion of the policy which states as follows: ‘Unless otherwise provided in writing added hereto this company shall not be liable for loss occurring . . . (b) while the described premises, whether intended for occupancy by owner or tenant, are vacant or unoccupied beyond a period of sixty consecutive days.’
DENIED.
*61 13. If the buildings at 1411 and 1416 Beacon Street, Brookline, Massachusetts, were vacant or unoccupied beyond a period of sixty consecutive days, there was no coverage for any damage which they might sustain under the insurance policy in question.
DENIED.
On the counterclaim (McNeil v. Burton Foster Insurance Agency.)
1. The evidence warrants a finding for the plaintiff under count one of the counterclaim.
ALLOWED, but I do not so find.
2. The evidence warrants a finding for the plaintiff under count two of the counterclaim.
ALLOWED, but I do not so find.
3. The evidence warrants a finding for the plaintiff in the amount of $2,000.00.
ALLOWED, but I do not so find.
4. The evidence requires a finding for the plaintiff in the amount of $2,000.00.
DENIED.
5. The evidence requires a finding for the plaintiff for $2,000.00 (the amount admittedly paid by the plaintiff to the defendant on account of the insurance policy in question) less the amount, if any, of the premium earned up to the time that the buildings at 1411 and 1415 Beacon Street, Brookline, Massachusetts were vacant or unoccupied for less than sixty consecutive days.
DENIED.
6. The evidence requires a finding for the plaintiff for $2,000.00 (the amount admittedly paid by the plaintiff to the defendant on account of the insurance policy in question) less the amount, if any, of the premium earned during the period there was coverage on the buildings at 1411 and 1416 Beacon Street, Brookline, Massachusetts!
DENIED.
The defendant claims to be aggrieved by: the denial of her requetss for rulings of law #1, #2, #3, and #4, in the case-in-chief; by the action taken by the court on request #5; by the court’s refusal to rule on requests #6, #7, #8, #9, and #10, in the case-in-chief; by the court’s denial of requests #11, #12, #13; by the inconsistency between the action taken by the court on requests #1, #2, and #3 of the counter-claim and the action taken by the court on requests #11, #12, and #13 of the case-in-chief; and by the court’s denial of requests #4, #6, and #6 on the counterclaim.
The Court found the following facts:
Plaintiff and defendant entered into a contract for the placement of insurance on premises owned by defendant. Plaintiff caused the policy to be issued. The original amount of coverage for each of two buildings was $325,800.00 and a bill was rendered to the defendant for a premium in the amount of $9,139.00. The policy contained the following language: ‘Unless otherwise provided in writing added hereto this company shall not be liable for loss occurring . . . (b) while the described premises . . . are vacant or unoccupied beyond a period of sixty consecutive days'. . .
A ‘General purpose endorsement’ containing an amendment to the policy was included with the premium bill (dated 3/31/83 — for policy period 2/13/81 to 1/13/82). This amendment reads: ‘It is *62 hereby agreed that coverage is provided on these buildings undergoing renovation and remodeling
At the request of the defendant, coverage on each building was reduced to $187,500.00 which was reflected in a bill dated May 6, 1981. Defendant paid a total of $2,000.00 toward the premium due, and then refused to pay the balance alleging that there would have been no coverage had a loss occurred.
Defendant never notified the plaintiff in writing of any reason for the failure to pay the premium as billed. Plaintiff understood that the buildings were to be renovated and remodeled, and defendant did in fact start to contact architects and obtain estimates immediately after the end of 1980. Plaintiff had no obligation to visit the premises periodically to ascertain the status of the buildings.
We proceed to review the judge’s action upon the various requests for rulings with which she was confronted.
Requests # 1, #2, #3, and #4 seek a ruling that defendant must prevail as a matter of law. These requests were made without specifying reasons why such a finding is required, and the j udge could properly deny them. Duxbury v. Roberts 1982 Mass. App. Div. 46, 51, and cases cited.
Request #5 was a warrant request. It is well established that a judge may grant a warrant request by find against the requestor on the facts. Dangelo v. Farina, 310 Mass. 758 (1942).
Requests #6, #7, #8, #9, and #10, despite the form in which they are phrased are, as the judge correctly understood, requests that would require the judge to deal with findings of facts which she could not be compelled to do. Stella v. Curtis, 348 Mass. 458, 461 (1965). Additionally, a party is not generally entitled to a request of ruling which is predicated upon a fragmentary portion of the evidence. Norton v. Boston Elev. Rwy. Co., 317 Mass. 145, (1944); Chelmsford Colonial Real Estate Co. v. Forrest, 58 Mass. App. Dec. 35, (1976).
Requests # 11, # 12, and # 13 were properly denied. They assume that there was no coverage because of the clause in the basic policy, which suspended or restricted coverage while the premises are vacant or unoccupied beyond a period of sixty consecutive days. In denying these requests, the judge determined that the endorsement to the policy, hereinbefore set forth, amended or superseded the clause that would have excluded coverage due to vacancy. That interpretation was in our judgment correct. The judge considered the policy and heard testimony concerning the issuance thereof. The reported testimony reveals that the plaintiff was told by the defendant that the buildings were going to be renovated and remodeled. The plaintiff then caused the issuance of a policy with an endorsement expressly providing “coverage ... on these buidings undergoing renovation and remodeling.” The buildings were vacant and unoccupied at the time the policy was written and the plaintiff knew it. Renovation and remodeling can, and does, take place when structures are vacant.
In construing an insurance policy, the expressed intent of the parties and the attendent circumtances should be considered as well as the langauge contained in the policy. Any ambiguity in an insurance policy is' resolved against the insurer, and an exclusion from its coverage is to be strictly construed. Palmer v. Pawtucket Mutual Ins. Co., 352 Mass. 304, (1967); Morin v. Massachusetts Blue Cross, Inc. 356 Mass. 379, (1974).
The appellant has waived any claim of an alleged inconsistency between *63 the action taken by the court on requests # 1, #2, and #3 of the counterclaim and the action taken on requests #11, #12, and #13 of the case-in-chief. The appropriate remedy for and alleged inconsistency is not a report to this Division, but rather a motion to correct the inconsistency or a motion for a n ew trial. Ro-Bar Realty, Inc. v. Warren Five Cents Sav. Bk., 1981 Mass. App. Div. 181, 182 (1981); Smith v. H.P. Hood & Sons, 52 Mass. App. Dec. 10, 15-16 (1973). In the absence of such a motion, any question of an alleged inconsistency is not open to the appellant on this appeal. Warren Bros. Co. v. Travi, 53 Mass. App. Dec. 141, 147 (1974).
Finally appellant questions the denial of requests #4, #5 and #6 on the counterclaim. These were required requests and could only be allowed if a finding for the requestor was required as a matter of law. No such finding was required. Further discussion is necessary.
These requests were properly denied.
There being no error, the report is dismissed.
So ordered.