*Northern District*

## No. 8367

# GOODWIN BROTHERS LEASING, INC.
## v.
# KATHERINE NOUSIS

Argued: Sept. 18, 1975. Decided: Oct. 25, 1976.

Case tried to *Forte, J.,* in the District Court of Central Middlesex. Number: 730704.

Present: Flynn, J. (Presiding); Gould, Constantino, J.J.

**Constantino, J.** This is an action of contract in which the plaintiff, a Kentucky Corporation, seeks to recover money allegedly due for the leasing of a Ballantyne Pressure Fryer in Ayer, Massachusetts,

under the terms and provisions of a lease contract dated March 18, 1970.

The answer is a general denial, denial of genuineness of defendant's signature on the contract and a further special answer stating that the plaintiff has failed to comply with the provisions of Massachusetts General Laws, Annotated, Chapter 181, §9.

The court found for the plaintiff in the sum of $4,917.44.

*At the trial there was evidence tending to show*: that on March 18, 1970 the defendant was the owner of a pizza business in Ayer, Massachusetts, that her son-in-law was managing said business for her: that on March 18, 1970 the defendant arranged to acquire a Ballantyne Pressure Fryer from the Laurel Co. for the business; that Laurel Co. arranged the financing whereby Laurel Co. sold to the plaintiff and the plaintiff leased the fryer to the defendant: that on March 18, 1970 the defendant signed the lease, which was duly recorded with the Ayer Town Clerk.

Further, the plaintiff reserved legal title to the equipment and the right to remove it.

The lease contract states the total cost to be $3,400.00 and provides for sixty (60) monthly payments at $88.00 per month, amounting to $5,380.00. Defendant sold the business to her son-in-law in April of 1970. The equipment was delivered in May of 1970. Defendant's son-in-law made sixteen (16) payments of $88.00 from January, 1970 to August, 1971, for a total of $1,408.00, discontinued the pizza business in August 1971 and notified the plaintiff to remove the fryer from the premises.

Plaintiff Goodwin Brothers Leasing, Inc. is a Kentucky Corporation which has never filed any certificate as specified in G. L. c. 181, §3.

There was evidence that the plaintiff maintains no usual place of business in Massachusetts, has no stock

of goods or employees in Massachusetts. Plaintiff leases equipment throughout the mainland United States. Plaintiff has leased equipment in Massachusetts and continues to lease equipment in Massachusetts, and at the time of hearing had at least two Ballantyne Pressure Fryers leased to customers in Massachusetts. Plaintiff does not solicit business among potential user-lessees of equipment, but only among manufacturers and suppliers located in various states. The manufacturers and suppliers solicit orders from the customers and then use the leasing device as a method of financing. The extent of the plaintiff's activities in Massachusetts is limited to the leasing of equipment to various customers and receiving rental payments, which are billed from and received at its office in Kentucky.

At the close of the evidence, the defendant seasonably filed four requests for rulings of which those numbered 2, 3 and 4 were allowed. Request number 1 read:

> "Every foreign corporation which does business or which leases tangible personal property shall be considered to be doing business in the Commonwealth for the purposes of Chapter 181, Massachusetts General Laws G.L.A. Section 2."

This request was denied.

The court found for the plaintiff for $4,917.44. Thereafter, the defendant filed the following motion:

"The defendant, Katherine Nousis respectfully requests that a new trial be granted." After hearing, this motion was denied.

The defendant claims to be aggrieved by the denial of her request for ruling No. 1 and the denial of her moton for a new trial.

The action of the trial justice was correct in both instances. The request for ruling No. 1 was much too broad in its wording suggesting as it does that a corporation which does business anywhere, or which leases tangible personal property anywhere must be considered to be doing business in Massachusetts under G. L. c. 181, §3. The court had the right, if not the duty, to take the request at its wording. It did not relate to a factual aspect of the case dispositive or decisive of an issue in the case. It was properly denied. *Stella v. Curtis,* 248 Mass. 458 (1965).

The action of the court in denying the motion for a new trial was also correct. There was no indication in the report that the defendant complied with Rule 26 of the District Courts then in effect (1974) which required the specification of grounds of complaint. Furthermore the disposition of the motion rested in the sound discretion of the court, which must prevail unless clear abuse has been shown. In the present case that does not appear. *Kinnear v. General Mills Inc.,* 308 Mass. 344, 348-349, *Daddario v. Gloucester,* 329 Mass. 297-301 (1952).

We find no prejudicial error.

**Report is ordered dismissed.**