This certifies that this is the opinion of the Appellate Division in this cause.

**Charles R. Jannino**
**Clerk, Appellate Division**

**August 4, 1981**

Joel MANNION
v.
NORWOOD AVIATION, INC.

No. 8684

District Court Department
Appellate Division, Northern District
Trial Court of the
Commonwealth of Massachusetts

John P. Ward, counsel for plaintiff
Pro Se, counsel for defendant

## OPINION

TIFFANY, J. This is an action brought under G. L. c. 93A, Regulation of Business Practices for Consumers Protection, alleging that the defendant, Norwood, committed an unfair trade practice by failing promptly and fully to honor a money-back guarantee made to the plaintiff, Mannion, to induce him to pay in advance for a course in flying lessons.

At the trial on the merits, it was established that during the summer, Mannion orally contracted with Norwood for flying lessons and paid the total price of $1,000.00 in advance. It is undisputed that Mannion was told that if he decided for any reason not to take the lessons, his money would be refunded. Mannion notified Norwood that he requested a return of his money and although the record is silent, he obviously had a change of heart about taking the lessons.

It appears that Norwood made periodic re-payments of $50.00 each from October through December, leaving an unpaid balance of $650.00. A demand letter was sent in accordance with G. L. c. 93A, sec. 9, for the unpaid balance and suit was instituted.

The trial judge found for the plaintiff in the amount of $650.00 and since requests for rulings of law were not filed by either party, there were no specific findings of fact.

Mannion timely filed a motion for new trial which was denied by the court and the nature of the proceeding before this Division is the propriety of the denial of this motion.

It is Mannion's contention that a finding under G. L. c. 93A, sec. 2, requires the adjudication of at least double damages and attorney's fees under the provisions of G. L. c. 93A, sec. 9, paragraph 3, and that the trial court's finding of actual damages was an error of law.

Commonly, a motion for a new trial is addressed solely to the sound discretion of the trial judge. The exercise of that discretion will stand unless it appears to have been abused or to rest upon some error of law. Formal finding of fact need not be made. **Davis** v. **Boston Elevated Railway**, 235 Mass. 482; **Mantho** v. **Arthur T. Nelson**, 285 Mass. 156; **Goodwin Brothers Leasing, Inc.** v. **Katherine Nousis**, 59 Mass. App. Dec. 42.

We cannot determine from the paucity of the record or from the evidence reported that the trial court found a deceitful intent or misrepresentation by Norwood.

Whether a given practice is unfair or deceptive under c. 93A must be determined from the circumstances of each case. **Don Lorenz, Inc.** v. **Northampton National Bank**, 381 N.E. 2nd 1108; **Noyes** v. **Quincy Market Fruits**, 389 N.E. 2nd 1046.

It is obvious from the court's finding of actual damages that the court found that the delay in refunding the pre-payment was not willful, intentional and deliberate, thus precluding the recovery of multiple damages and attorney's fees. **Linthicum** v. **Archambault**, 398 N.E. 2nd 482.

General Laws c. 93A, sec. 9 clearly sets forth that:

> If the court finds for the petitioner, recovery shall be in actual damages or twenty-five dollars, whichever is greater; or up to three but not less than

two times such amount if the court finds that the use or employment of the act or practice was a willful or knowing violation of said section two, or that the refusal to grant relief upon demand was made in bad faith with knowledge or reason to know that the act or practice complained of violated section two.

The obvious purpose of this section is to impose strong sanctions against a callous violation of the law that caused injury to consumers in total disregard of the basic tenets of good faith, fair and ethical dealings. **Heller v. Silver Branch Construction Corp.**, 382 N.E. 2nd 1065.

In short, the trial court, by awarding actual damages, did not find a willful or knowing violation of section two and that bad faith was not involved.

There was no error of law in the trial court's award of actual damages and the denial of the motion for a new trial was discretionary. No prejudicial error being found, the report is dismissed.

So ordered,
Elliott T. Cowdrey, P.J.
Richard L. Banks, J.
James B. Tiffany, J.