**Lynn C. MURPHY**

vs.

**RODMAN FORD SALES, INC.**

**No. 275**

District Court Department
Appellate Division, Southern District
Trial Court of the
Commonwealth of Massachusetts

**September 3, 1981**

</div>

**William P. Franzese, Esquire,** counsel for plaintiff
**Robert F. Murphy, Esquire,** counsel for defendant

On August 15, 1979, the defendant, claiming to be aggrieved by the denial of certain of its requests for rulings, mailed defendant's draft report to the Clerk's office of the District Court of Dukes County. On the same date the defendant mailed a copy of said draft report to the trial justice addressed to him at the District Court of Dukes County (the court where the case was heard) together with a written request for a hearing on the report. A copy of the draft report was also mailed to the plaintiff's counsel on said date.

The draft report was received in the Clerk's office on August 20, 1979, and a hearing was held thereon on October 24, 1979. The trial justice was of the opinion that the report was required to be dismissed because the same was not filed within 10 days after entry of judgment as required by the provisions of Rule 64. Defendant's counsel contended that the provisions of Rule 6(a) and 6(d) should also apply and govern the question of the timeliness of the filing.

On October 31, 1979, the Clerk's office notified the parties by mail, postage prepaid, that the defendant's draft report had been dismissed because it was not timely filed.

The report states that it contains all of the evidence material to the questions reported.

The defendant claims to be aggrieved by the action of the Court in dismissing the draft report filed on August 20, 1979. There was no error.

Dist./Mun. Cts. R. P. 64(c)(1)(ii)[1] applies here. The basic principles

[1] Rule 64(c)(1)(ii) reads as follows: Draft Reports. Parties requesting reports as provided for in (i) above shall file drafts thereof within 10 days after entry of judgment. Upon a showing of excusable neglect, the trial court may extend the time for filing draft reports by any party for a period not to exceed 10 days from the expiration of the time otherwise prescribed by this rule. Such an extension may be granted before or after the time otherwise prescribed by this rule has expired, but if a request for an extension is made after such time has expired, it shall be

concerning appellate procedure are clear. Provisions of rules of court regulating appellate procedure are construed strictly, **Famigletti vs. Neviackas**, 324 Mass. 70, 72 (1949); and failure to comply is fatal to the right to prosecute an appeal. **Murphy vs. William C. Barry, Inc.**, 295 Mass. 94, 97 (1936). Rules of court have the force of law, are binding upon the court and parties in an action and cannot be waived or dispensed with to suit the circumstances in any particular case. **Flynn, Pet.**, 265 Mass. 310, 313 (1928). **Deacy vs. First National Bank of Boston**, 49 Mass. App. Dec. 52, 54 (1972).

The docket entries in this action are significant in our consideration of defendant's appeal of the dismissal of its draft report:

"8/7/79 9. Findings of Court filed.

8/7/70 10. Judgement entered - notice mailed.

8/20/79 11. Defendant's Draft Report filed."

From the report we are informed that the defendant mailed its draft report to the District Court of Dukes County, on Martha's Vineyard, on August 15, 1979, with copies sent to the trial judge and plaintiff's counsel. A hearing was held on defendant's draft report on October 24, 1979 and on October 31, 1979 the Clerk's office notified the parties by mail that defendant's draft report had been dismissed because it was not timely filed.

Judicial notice is taken that Martha's Vineyard is an island off of Cape Cod; also that August 17, 1979 was a Friday and that August 20, 1979 was a Monday.

The notice of finding and entry of judgment was served by the Clerk's office by mail as required by Dist./Mun. Cts. R. Civ. P. 77(d).[2] The defendant contends that although Rule 64(c)(1)(ii) provides that draft reports shall be filed "within 10 days after entry of judgment," Rule 77(d) mandates that the clerk immediately upon entry of judgment serve a notice of the entry by mail; that the rules should be construed to provide that the mailing of

the notice by the clerk, rather than the mere entry of judgment, triggers the ten-day period for the filing of a draft report; and that by the provisions of Dist./Mun. Cts. R. Civ. P. 6(d) three days should have been added to the prescribed period for the filing of the draft report, extending the time for filing Friday, August 17, 1979 through Monday, August 20, 1971.

Alternatively, the defendant points out that Dist./Mun. Cts. R. Civ. P. 1 provides that "(T)hese rules shall be construed to secure the just, speedy and inexpensive determination of every action." It argues that to dismiss the defendant's draft report in this case, solely by reason of the tardiness of the postal service in delivering mail to the court, would work a harsh and unjust result. It suggests that an order be entered **nunc pro tunc** permitting the defendant to file a motion with the trial court seeking an extension of the time for the filing of its draft report.

I. In reply to defendant's first contention, we point out that it overlooks the last sentence of Dist./Mun. Cts. R. Civ. P. 77(d).[3] It is significant that Rule 64(c)(i)(ii) requires that draft reports be filed within ten days **after entry of**

made by motion with such notice as the court shall deem appropriate. The Court may for good cause shown, upon the filing of the draft report, extend the time for filing the draft report for a reasonable time.

[2] Rule 77(d) reads in part as follows: "(U)nless an order or judgment is entered in open court in the presence of the parties or their counsel, the clerk shall immediately upon the entry of an order or judgment serve a notice of the entry by mail in the manner provided for in Rule 5 upon each party who is not in default for failure to appear, and shall make a note in the docket of the mailing..."

[3] The last sentence of Rule 77(d) reads: "Lack of notice of the entry (of an order or judgment) by the clerk does not affect the time to request a report or file a draft report, or authorize the court to relieve a party for failure to request a report or file a draft report within the time allowed, except as permitted in Rule 64(c) of these rules."

judgment, not within ten days after notice of judgment. Then the rule provides for extension of the time period under certain circumstances, either before or after the time prescribed by this rule has expired. So far as appears, the defendant placed complete reliance upon the United States mail and failed to ascertain from the court whether or not the draft report had arrived seasonably. Had the defendant contacted the trial judge either on the date of mailing or reasonably soon thereafter the judge could have exercised his discretion to grant an extension of the time for filing the draft report.

As noted above, Rule 6(d) is not applicable here in view of the language of Rule 77(d) and might not be held to be applicable even in the absence of the explicit reference to Rule 64(c) in Rule 77(d). In considering the invoking of Rule 6(d) through Rule 77(d), the Supreme Judicial Court has said: "We find a considerable array of decisions in varying contexts indicating that Federal Rule 6(e) - the equivalent of our rule 6(d) - is not routinely invoked through rule 77(d); that is to say, we expect application of rule 6(e) to be reserved, as its text indicates, to cases where a rule or statute providing some measuring period itself refers to service of a paper as the starting point." **Goldstein vs. Barron,** — Mass. —, (1980)[a] and cases cited.

II. We have pointed out the procedural steps that could have been taken by the defendant to insure the timely filing of its draft report under Rule 64(c)(1)(ii) but which were not taken. This action of tort or contract for the loss by theft of a motor vehicle and personal property therein was instituted in the Dukes County Superior Court on August 3, 1970. The claim for loss by theft of the motor vehicle was disposed of in 1975, and the remainder of the action for loss of the personal property was remanded to the District Court of Dukes County for trial on March 9, 1976. The action was tried on July 27, 1979. On August 8, 1979, the trial judge filed special findings of fact, ruled on defendant's requests for rulings and found for the plaintiff. We have been provided with copies of the special findings of the trial judge, his rulings on defendant's requests and defendant's draft report challenging various rulings, which draft report was not seasonably filed. Were we to rule on the merits of the original draft report, it would be dismissed for lack of prejudicial error.

The report of the dismissal of defendant's draft report is dismissed.

So ordered.

**Daniel H. Rider, Presiding Justice**
**Richard O. Staff, Justice**
**Charles E. Black, Justice**

This certifies that this is the opinion of the Appellate Division in this cause.

**Patricia D. Miller, Clerk**

### G.M.C. HARDWOOD, INC.

### vs.

### AMERICAN BUTCHER BLOCK CO., INC.
### and Joseph LA ROSA

### No. 274

District Court Department
Appellate Division, Southern District
Trial Court of the
Commonwealth of Massachusetts

**September 14, 1981**

---