Black, J.
This is a Petition to Establish a Report.
The plaintiff, Leo P. Harrington, brought a contract action on May 24, 1980 against Bernard S. Lewis and John Harcovitz, d/b/a John Harkey Realtor, in which the plaintiff seeks to recover a deposit given under a Standard Form Purchase and Sale Agreement dated January 12, 1980, relating to real estate located at 412 Village Street, Millis, Massachusetts. In his complaint, the plaintiff alleges that the title to the premises was defective because the lot did not have the required rear line setback and also that the defendant had rented the premises on or about March 1, 1980, to Harold and Anita Bussey in violation of article 9 of the purchase and sale agreement.
The defendant answered on August 15,1980, by denying that title to the premises was *206 defective and alleging that the property had been leased only with the knowledge and consent of the plaintiff.
At trial, there was evidence tending to show that on or about August 23, 1978, the Building Inspector for the Town of Millis issued a building permit for the erection of a single family dwelling at412 Village Street, Millis, Massachusetts. The lot in question was shown on a plan dated May 2, 1955 and endorsed thereon “Approval Under Subdivision Control Not Required.” Upon completion of the dwelling, the defendant Lewis through the defendant Harcovitz offered the premises for sale, and on January 12, 1980, the agreement in question was executed by and between the defendant and the plaintiff.
At some time thereafter, the plaintiff applied for a mortgate to Bay Bank Norfolk County Trust. The examination of the title was referred by the bank to Ralph C. Good, who reported that the title was deficient for the reason that “the rear set back from the house to the rear lot line is only approximately sixteen (16) feet as opposed to the current requirement of forty (40) feet” as required by the zoning-by-law then in effect.
On or about February/ 19, 1980, the defendant was notified by mail of the alleged defect in title and advised that unless the defect was con ected, the bank would not grant a mortgage on the premises. Subsequent to February 19, 1980, and after notice from the plaintiff that title was not acceptable, the real estate agent leased the premises to a Mr. and Mrs. Bussey. The rent was paid to the defendant. Although the plaintiff did not testify, there was evidence that he had intended to purchase the property as an investment and that he had instructed the defendant Harcovitz to find a tenant for it.
On or about March 10, 1980, the plaintiff filed a petition for a variance with the Zoning Board of Appeals for the Town of Millis regarding the subject property, and, by decision dated April 14, 1980, the board ruled that the lot was a pre-existing, nonconforming lot which met the requirements of Section IX-C of the Millis Zoning-ByLaw and was, therefore, a legal, buildable lot.
At the close of the evidence and before final arguments, the defendant submitted the following requests for rulings:
1. The evidence is insufficient to warrant the Court in making a finding for the plaintiff.
2. The lot in question situated on a public way and shown on a plan recorded with Norfolk Registry of Deeds prior to the Zoning-By-Laws was pre-existing non-conforming lot and exempt from the zoning by-law as of the date of the purchase and sale agreement.
3. The lot is exempt by virtue of Mass. Gen. Laws Chapter 42A, section 6, paragraph 4, first sentence.
All of these requests for rulings were denied by .the trial judge.
On August 18, 1981, judgment was entered for the plaintiff as against the defendant Bernard S. Lewis in the amount of $2,800.00 plus interest from March 13, 1980. Judgment was entered for the defendant, John Harcovitz, d/b/a John Harkey Realtor. The court made the following findings of fact:
The plaintiff, Leo P. Harrington, with his wife, Myong Harrington, signed as buyer a standard purchase and sale agreement for the purpose of a dwelling at 412 Village Street, Millis. The defendant, Bernard S. Lewis, signed the agreement as the seller.
The agreement was dated January 12, 1980. The purchase price was $56,000.00 with a deposit of $2,800.00. March 13, 1980, was the date for the delivery of the deed. The defendant, John Harcovitz, d/b/a John Harkey Realtor, was the broker. He did not sign the agreement.
On January 10, 1980, Leon P. Harrington’s wife, Myong Harrington, gave the broker, John Harkey Realtor, a check payable to John Harkey Realtor for *207 $500.00 or a payment on account of the deposit. John Harkey Realtor endorsed the check payable to the defendant, Bernard S. Lewis, and gave the check to Bernard S. Lewis.
On January 14, 1980, the plaintiff, Leo P. Harrington, gave the broker, John Harkey Realtor, a check for $2,300.00 payable to John Harkey Realtor. This represented the balance of the deposit pursuant to the provisions of the aforesaid agreement. The broker, John Harkey Realtor, gave the proceeds of this $2,300.00 check to the defendant, Bernard S. Lewis.
This agreement stated that the seller would convey a good and clear marketable and record title. The agreement also specified that the premises would be conveyed free of all tenants and occupants on the date of passing.
There was a defect in the title. After the plaintiff, Leo P. Harrington, applied to a bank for a mortgage, the bank attorney advised the defendant, Bernard S. Lewis, of this defect in the title and that the bank would not grant a mortgage because of the defect.
The defendant, Bernard S. Lewis, was advised of this by a letter dated February 19, 1980. Copies of this letter were mailed to the defendant, John Harkey Realtor and the plaintiff, Leo P. Harrington, by the bank’s attorney.
Soon thereafter the plaintiff, Leo P. Harrington, discussed the defect in the letter with John Harkey Realtor.
The defendant, Bernard S. Lewis, did not request an extension pursuant to the provisions of the agreement to correct the title.
The defendant, John Harkey Realtor, subsequently leased the property to the Bussey family under a written lease for six months that commenced March 1, 1980. The lease specified that the defendant, Bernard S. Lewis, was the Lessor. The Busseys signed the lease although it was not signed by the defendant, Bernard S. Lewis. The Busseys were occupying the premises on March 13, 1980, and occupied the premises for several months thereafter.
On March 10, 1980, the defendant, Bernard S. Lev/is, filed a Petition with the Board of Appeals of the Town of Millis requesting a variance to correct the aforesaid defect in the title.
On March 13, 1980, the plaintiff, Leo P. Harrington, demanded a return of his $2,800.00 deposit from the defendants, John Harkey Realtor and Bernard S. Lewis. The defendant, Bernard S. Lewis, told the plaintiff, Leo P. Harrington, that he would not return the $2,800.00 deposit.
On April 14, 1980, the Board of Appeals of the Town of Millis granted the variance.
The plaintiff, Leo P. Harrington, has never received a refund of the $2,800.00 deposit from the defendants, John Harkey Realtor and Bernard S. Lewis, and the defendant, Bernard S. Lewis, subsequent to April 14, 1980, sold the property to another party.
On October 2, 1981, the defendant Lewis filed a Motion For New Trial which was denied on October 30, 1981. The defendant Lewis claimed to be aggrieved by the denial of his requests for rulings and the denial of the motion for a new trial and requested a report. A hearing on the report was held on December 3, 1981, and the form of the report was settled with the defendant being ordered by the court to insert the following statements:
1. The defendant, Bernard S. Lewis, did not request an extension pursuant to the provisions of the agreement to correct the alleged defect in the title.
2. The Realtor, John Harkey, leased the property to the Bussey family for six months. The lease specified that the defendant, Bernard S. Lewis, was the Lessor. The lease commenced on March 1,1980. It was signed by the Busseys *208 although it was not signed by the defendant, Bernard S. Lewis. The Bussey family was occupying the premises on March 13, 1980, and occupied the premises for several months thereafter.
The defendant thereafter submitted the report without these statements to the trial judge for formal allowance and, therefore, in a form not settled upon by the court. The trial judge disallowed the report as not containing all of the evidence material to the question to be reported. The defendant thereupon filed Petition To Establish A Report with the court citing as his sole reason for failing to submit the report in the form as settled upon by the trial judge that the requested statements are contained on the Special Findings made by the trial judge.
In our opinion, the trial judge did not err in disallowing the defendant’s report. Under Dist./Mun. Cts. R. Civ. P., Rule 64 (c)(2) and Form 33 (Draft Report Model), it is clear that <a// evidence material to a question being reported must be contained in the report of the case. The defendant misconstrues the rule regarding preparation of the draft report. While Form 33 provides for the inclusion of special findings of fact, there is a significant difference between a judge’s findings and the evidence upon which such findings are based. The evidence material to the issue(s) must be set forth in the report in order that we may determine whether the findings are properly supported. We would hasten to add that once the form of the report has been settled, presumably with no indication of any objection or disagreement by counsel, we would regard submission of a report for formal allowance in a form other than as settled upon by the court as being totally inappropriate. In the event that counsel subsequently discovers that the report presents an erroneous, inaccurate, or incomplete record, certainly the matter should be brought to the attention of the trial judge by appropriate motion.
In light of the apparent misinterpretation of the rule by the defendant, we are somewhat reluctant to summarily deny the petition, particularly where the entire contents of the report as settled upon by the court are contained in the record currently presented to this court. Accordingly, this court has taken the rather unusual action of reviewing the entire report on its merits. Nevertheless, we find no error by the trial judge either in the denial of the defendant’s requests for rulings or in the denial of his motion for a new trial.
Under the terms of purchase and sale agreement (Exhibit “A” to the Report), the defendant-seller was required to convey “a good and clear record and marketable title.. .free from encumbrances.” The title examiner determined that the dwelling had been constructed to within sixteen (16) feet of the rear boundary whereas the zoning-by-law required a forty (40) foot setback. Although notified of this apparent defect in title, the defendant Lewis seemingly did nothing to clarify or rectify the matter. While the defendant petitioned the Zoning Board of Appeals for a variance on March 10,1980, the defendant failed to give written notice under the provisions of article 10 of the purchase and sale agreement that he wanted a thirty (30) day extension to perfect the title. On March 13, 1980, the plaintiff demanded the return of his $2,800.00 deposit. Therefore, the defendant was unable to convey good title under the terms of the purchase and sale agreement on March 13, 1980, as called for, and, there being no extension thereof, the plaintiff-buyer was entitled to a refund of the deposit under article 22 of the agreement. The realtor, the defendant Harcovitz, did not sign the agreement and was not the holder of the deposit, which had been endorsed over to the defendant Lewis in accordance with article 21' of the purchase and sale agreement.
The defendant apparently relied upon the pre-existing, non-conforming status of the lot, but offered no evidence to controvert the opinion of the title examiner for the bank as to the existence of the title defect at the time of performance under the terms of the purchase and sale agreement. Therefore, the defendant’s first request for ruling was properly denied. The second request involves a mixed question of law and fact. The *209 predicate for the ruling of law requires a finding of fact, the finding of fact being that the plan was recorded prior to zoning by-laws. In the first place, there is nothing in the report to indicate whether the plan was recorded before or after the enactment of zoning by-laws within the town. The request assumes a fact not found by the trial court. Liberatore v. Framingham 315 Mass. 538, 543 (1944). Secondly, even if a lot is shown on a plan endorsed ‘Approval under Subdivision Control Not Required, this does not make the lot a non-conforming lot. See G.L.c. 41, § 81P; and G.L.c. 40A, § 6. Accordingly, the second request was properly denied. The third request forruling relates to whether the lot in question is exempt from the provisions of the current zoning-by-law “by virtue of Mass. Gen. Laws Chapter 42A section 6, paragraph 4 first sentence.” Obviously, there is no G.L. c. 42A. Therefore, the request was properly denied. (See LaRosa v. Howard D. Johnson Co., 15 Mass. App. Dec. 149, 153 [1958]). Counsel evidently intended to cite G.L. c. 40A. We would analogize this situation to that where counsel raises an objection to certain evidence being offered, but cites an inappropriate basis for the objection. The objection may be overruled even though there may have been a valid ground for objecting to the evidence offered (Kagan v. Levenson, 334 Mass. 100, 107 [1956]).
As regards the Motion For New Trial, Dist./Mun. Cts. R. Civ. P., Rule 59 provides that such motions may be granted on the ground of (1) newly discovered evidence; (2) mistake of law injuriously affecting substantial rights of the moving party; or (3) for any other reason which the court may deem necessary to prevent a failure of justice. In his motion, the defendant assigned the following grounds for requesting a new trial:
1. The plaintiff failed to join Myong Harrington a party to the agreement for purchase and sale of the real estate as a party defendant, (see Exhibit No. 1).
2. The Court has failed to set forth facts that would warrant a finding that the title to the premises defective.
3. That additional findings be made setting forth subsidiary facts upon which the Court concluded that the title to the premises was defective.
4. The decision of the Board of Appeals as to compliance with the By-laws of the Town of Millis is inconsistent with the finding made by the Court. See Exhibit No. 2 of the defendant’s exhibits)
5. Without a finding being made by the Court setting forth the reasons or basis upon which the Court found that the title was defective, the defendant is at a disadvantage in pursuing and [sic] appeal from the Court’s decision.
Essentially it would appear that these assertions involve alleged mistakes of law and various other grounds. Based upon the evidence, we find no error in the denial of the motion.
Therefore, the petition is hereby denied.