Tiffany, J.
This is a petition to establish defendants’ draft report.
The matter before this trial court was a suit on a judgment rendered in the Superior Court, Judicial District of Hartford, New Britain, State of Connecticut, by Loomis against the defendants in the amount of $9,583.59 with interest from November 5, 1979 and costs taxed at $153.70. A certified copy of the judgment was attached to the complaint and an answer and counterclaim were timely filed by Pezaris. A motion under Dist./Mun. Cts. R. Civ. P., Rule 56 for summary judgment was filed on June 29, 1981 by the plaintiff and heard by Viola, J., on November 13, 1981 and denied without prejudice. On April 14, 1981, a further hearing on a renewed motion for summary judgment was heard before Weinberg, J., and a supplemental affidavit filed by the Connecticut attorneys who represented the plaintiff on the Connecticut judgment. The motion for summary judgment was allowed, but no action was taken on the counterclaim. At a further hearing before a different judge, summary judgment was entered for the plaintiff on defendants’ counterclaim. The defendants’ affidavit in opposition to the Dist./Mun. Cts. R. Civ. P., Rule 56 motion recites a defense which would have been applicable in the Connecticut suit. However, the defendants failed to respond by any answer in Connecticut and subsequently were defaulted.
Under the provisions of Dist./Mun. Cts. R. Civ. P., Rule 56(f), the court may reconsider a motion upon the presentation of affidavits to support the cause of the moving party.
The answer filed by the defendants in the case sub judice fails to address the issue of the Massachusetts court’s extending full faith and credit to the foreign judgment.
The defendants’ affidavit in opposition to the motion for summary judgment, as hereinafter set forth, clearly points out the misadventure of their position:
1. The alleged claim for money by the plaintiff arose from tuition costs supposedly incurred by the defendants for their son for the school year 1978-1979, which was not attended in full. Out of the three term scholastic year, their son only attended for one term.
2. Because of the detrimental environmental atmosphere prevalent at *170 the school during said school year, complaints were forwarded to the school officials by the defendants; and, that said complaints went unanswered, compelling the withdrawal of the defendants’ son from the school.
3, The school officials omitted to forward any progress reports to the defendants at the end of the school year of 1977-1978 of their son’s school work; and, that an understanding was reached with the school officials that an adjustment of tuition costs would be made because of this failure to apprise the defendants of the son’s standing.
4. After a full trial, with an opportunity given the defendants to submit documentation, it will be shown that the alleged sum claimed is not the true amount of money owed; and, that the defendants have a full and adequate defense to the claim.
This defense should have been presented at the trial of the case on the merits in the Connecticut jurisdiction and is not probative in the suit to enforce a foreign judgment. The trial court disallowed the draft report on the basis that the proposed draft report does not set forth the issue of Massachusetts’ extending full faith and credit to the Connecticut judgment. A disallowance is a question of fact, namely, that the draft report filed does not conform to the truth, either in its basic recital of the proceedings at trial or its failure to manifest fully all that is necessary to enable the Appellate Division to make a proper review. Parkway Imports, Inc. v. Askinos, 37 Mass. App. Dec. 200 (1967).
The report, in fact, does conform to the truth of the proceedings and the Dist./Mun. Cts. R. Civ. P., Rule 56 motion and petition to establish the report are herewith allowed.
However, no good reason exists for a further hearing on the report as established. Both parties presented oral arguments on the merits of this case at the time of the hearing on the defendants’ petition. Moreover, the facts elicited from the report as established are sufficient to indicate that there was no error in the court’s entry of summary judgment for the plaintiff. It is settled that Massachusetts, as a matter of law. will give full faith and credit to a foreign judgment.
The petition to establish the draft report is herewith allowed and there being no error of law, the report as established is dismissed.
The defendant’s motion to strike the plaintiffs motion for double costs and interest is allowed.

So ordered.