Jodrey, J.
This is a petition to establish a report.
The draft report which is the subject of this petition was disallowed on September 9, 1982 without explanation by the trial justice. See Dist./Mun. Cts. R. Civ. P., Rule 64 (c) (5); Marquis v. Galasti, 1982 Mass. App. Div. 218, 218-219. It is unnecessary for us to consider, however, the propriety of the court’s disallowance order as it is clear that the petitioner, John F. Canty, Jr., forfeited all rights to appellate review by failing to comply with the time strictures of Dist./Mun. Cts. R. Civ. P., Rule 64.
The docket indicates that on June 11, 1982 judgment was entered in favor of Mr. Canty’s former spouse in an action brought by her under the Uniform Reciprocal Enforcement of Support Act, G.L.c. 273A-. Notice of judgment was mailed to Mr. Canty the following day. On July 12, 1982, thirty-one days after judgment had been entered, petitioner Canty filed a request for a report and a draft report. This draft report was dismissed on August 2, 1982.
In order to preserve the right to appellate review, a party must observe the time limits established by applicable rules. Rule 64 (c) (1) (i) of the Dist./Mun. Cts. R. Civ. P., so far as relevant to this appeal, provides as follows:
A request for report shall specify the party or parties making the request and shall designate each ruling which is the subject of the request. Such requests for reports shall be filed with the clerk of the trial court within 10 days after entry of judgment. Upon a showing of excusable neglect, the trial court may extend the time for filing a request for report by any party for a period not to exceed 10 days from the expiration of the time otherwise prescribed by this rule....
As Mr. Canty’s original draft report was submitted thirty-one days after judgment, it was not seasonably filed in accordance with Rule 64. The trial justice thus correctly dismissed this draft report on August 2, 1982. Murphy v. Rodman Ford Sales, Inc. 1981 Mass. App. Div. 211, 212-213; Whiteman v. Donelson, 1981 Mass. App. Div. 139; Micro-Sonics, Inc. v. Comrex Corp., 39 Mass. App. Dec. 229, 233-234 (1968).
Thereafter, on August 13, 1982, Mr. Canty filed a request for a report and a draft report challenging the trial court’s proper dismissal order. The draft report of August 13,1982 was ultimately disallowed by the trial justice and is the subject of Mr. Canty’s present petition to establish. Neither the August 13, 1982 draft *172 report nor the instant petition could have, however, either remedied the petitioner’s fatal non-compliance with the mandatory time provisions of Rule 64 or resurrected tne appellate rights unequivocally waived through such noncompliance by the petitioner.
Inasmuch as the petitioner's failure to file his original draft report within the time allowed was a fatal procedural flaw and is dispositive of this appeal, it would serve no useful purpose to consider other arguments advanced by Mr. Canty in support of his petition to establish. As the affidavit submitted at oral argument by respondent's counsel was irrelevant to this decision, the petitioner's Motion to Correct the Appellate Division Record by striking this affidavit is now moot and is accordingly denied.
Petition denied.