Cowdrey, P.J.
This action in contract was instituted by the plaintiff to recover for masonry work allegedly performed for, and pursuant to an alleged contract with, defendant James E. O’Brien. Judgment was entered for the plaintiff in the sum of $9,338.98 on June 15,1982. An ensuing twenty-one month period of post-judgment proceedings finally culminated in the two petitions to establish draft reports which are presently before this Division as submitted by the defendant.
The protracted, post-judgment chronology of this action may be summarized as follows: On June 18,1982, the defendant filed a motion for a new trial, a motion to amend judgment and “Suggested Facts to be Incorporated in Court’s Decision.” These motions were denied on December 17, 1982.
The defendant submitted his initial request for a report and draft report (hereinafter Draft Report A) on December 24, 1982. Apparently adopting verbatim the plaintiffs objections to Draft Report A, the trial justice dismissed Draft A on March 21,1983 on the following grounds:
1. Defendant fails to comply with District Court Rule 64(c)(2) by not stating ‘. . . how he claims to be prejudiced by ... ’ the trial judge’s rulings.
2. Defendant fails to clearly state the questions presented on appeal.
Thereafter, on March 31,1983, successor counsel for the defendant entered his appearance, and filed a request for a report and draft report (hereinafter Draft Report B) challenging the propriety of the court’s dismissal of Draft Report A. The defendant also submitted a “Motion for Leave to Extend Time for Filing a Further Draft Report.” A hearing on Draft Report B was apparently held on April 15, 1983. No action was taken on Draft Report B. Rather, the trial justice granted additional time to the defendant to revise Draft Report A. This revised draft (hereinafter Draft report C) was. filed on June 10, 1983. , .
The trial justice issued a lengthy memorandum on July 8, 1983 which, simply stated, disallowed all three draft reports on the basis that said drafts did not contain accurate, complete “recitals of the evidence introduced and the proceedings held in the lower court.
The defendant thereafter filed the two petitions sub judice to establish Draft Reports B and C
1. We construe the following paragraphs of the trial court’s July 8, 1983 memorandum as the court’s order of disallowance of Draft Report B and the reasons therefor:
I do not believe the final request for a report adequately and sufficiently sets forth the issues relative to my dismissal of the original report and the reasons why such dismissal was allegedly in error. . •
Defendant’s Draft Report B clearly and succinctly narrates the procedural progression of this case from the entry of judgment through the court’s dismissal of Draft Report A. Copies of Draft Report A and the plaintiffs objections thereto are appended to Draft B; and the trial court’s grounds for the dismissal of Draft A are set forth in the text of Draft B. Draft Repoj-t B concludes with the statement that the defendant claims to be aggrieved by the trial court’s dismissal of liis draft report. It is .evident that Draft B serves *222 as an accurate and complete report of the court’s draft report dismissal order.
The primary issue to be presented in a Dist./Mun. Cts. R. Civ. P., Rule 64(c)(6) draft report which challenges a trial court’s dismissal of a previous draft report is the propriety of the dismissal order itself. See Little v. Heimlich, 1980 Mass. App. Div. 122. Appellate consideration of this issue is logically confined to the dismissal order, to the grounds therefor and to the draft report to which the dismissal order pertains. The defendant had no more information at his disposal at the time Draft Report B was prepared and filed. If a trial justice has in mind additional “issues relative” to a draft report dismissal order, he should state them in such order.
An order of disallowance under Dist./Mun. Cts. R. Civ. P., Rule 64(c)(5) is a proper draft report disposition only in those instances in which a draft is deficient or inaccurate in content. See, e.g., Marquis v. Galasti, 1982 Mass. App. Div. 218, 219. As Draft Report B was not marred by such infirmities, the trial court’s disallowance of Draft Report B was improper. The defendant’s petition to establish Draft Report B is hereby allowed.
2. In the interests of avoiding any further prolongation of this matter, we proceed on the basis of established Report B to consider the validity of the trial court’s dismissal of Draft Report A.[3]
Draft Report A, as noted above, was dismissed by the trial court on the grounds that said Draft lacked a clear statement of both the questions presented for appeal and the nature of the prejudice claimed by the defendant. With respect to the latter ground for dismissal, we note the defendant’s statement in Draft Report A that he claims to be aggrieved by the trial court’s denial of this post-judgment motion, for a new trial and for amendment of judgment, and by the trial court’s unfavorable disposition of the defendant’s requests for rulings of law. The nature of the prejudice claimed by the defendant as appellant is obvious; namely, those disadvantages which attend a party’s position as judgment loser and which result from the court’s refusal to grant or allow rulings favorable to the party’s claim or defense.
In evaluating the court’s first ground for dismissal, it is necessary to restate that the Appellate Division’s exclusive mandate under G.L.c. 23Í, §108 is to review questions of law. Such questions are raised in the trial court and preserved for appellate review pursuant to Dist./Mun. Cts. R. Civ. P., Rule 64(b) primarily in the form of requests for rulings.[4] See, e.g., Biggs v. Densmore, 323 Mass. 106, 108 (1948); Liberatore v. Framingham, 315 Mass. 538, 543 (1944); Wolf v. C. Bain, Inc., 1983 Mass. App. Div. 365, 366. The issues to be presented in a draft report, therefore, are customarily derived from the substance of requests for rulings of law and the court’s disposition thereof.[5] Draft Report A clearly and adequately recites those legal rulings requested by the defendant at the end of trial and the court’s action on such requests. This recitation constituted a presentation of appellate issues sufficient to satisfy the requirements of Dist./Mun. Cts. R. Civ. P., Rule 64(c)(2).[6]
*223 Accordingly, upon consideration of the specific grounds stated in such order, the trial court’s dismissal of defendant’s Draft Report A is hereby vacated.
3. It is essential to note at this juncture that the above analysis was necessitated by the trial court’s dismissal of Draft Report A, which engendered Draft Report B to remedy this dismissal, which in turn was succeeded by the first petition to establish to correct the disallowance of Draft Report B. An examination of the court’s July 8, 1983 disallowance memorandum establishes, however, that the trial justice’s reservations about the defendant’s draft report were actually restricted to the evidentiary contents and phraseology of Draft Report A. Critical deficiencies or inaccuracies in draft report contents are properly addressed by an order of disallowance, not by an order of dismissal. See, e.g., Loomis Institute v. Pezaris, 1983 Mass. App. Div. 169, 170; Marquis v. Galasti, 1982 Mass. App. Div. 218, 219. Conversely, a dismissal order is appropriate when a procedural deviation from Rule 64, which is unrelated to evidentiary content or format, has occurred. Thus a draft report which is not timely filed or which fails to present a reviewable question of law is properly dismissed. See, e.g., Locke v. Slater, 387 Mass. 682 (1982); Arciero v. Eagle Realty Assoc., Inc., 1982 Mass. App. Div. 203, 204; Meola Construc. Co. v. Ace Bldg. Supply Co., Mass. App. Div. Adv. Sh. (1978) 466, 467. We thus proceed to consider the trial court’s disallowance memorandum of July 8,1983 as it was a disallowance of Drafts A and C which the court originally intended.
The essence of the trial court’s disallowance order is that Draft Report A and C contain inaccurate and incomplete summaries of the trial court evidence. A draft report is inaccurate if, e.g., it misstates evidence introduced at trial or if it includes evidence which was either not offered, or actually excluded, in the lower court. With respect to inaccuracy, the trial justice ruled herein that Drafts A and C did not present the “credible” evidence adduced at trial. The characterization of evidence as credible, however, is properly the subject of subsidiary findings. A trial justice’s disbelief of testimony does not effect a post-trial exclusion of such testimony. Pursuant to Dist./Mun. Cts. R. Civ. P., Rule 64(c)(2), a draft report must recite all evidence material to appellate issues and cannot exclude evidence rejected by the trial justice in his role as factfinder. A’clear demarcation between statements of evidence and judicial findings of fact is customarily essential in a draft report, [see Concord Oil Co. v. Palmer, supra and cases cited; Harrington v. Lewis, 1982 Mass. App. Div. 205, 208, ] to permit an inquiry as to whether said findings are properly supported by a reasonable view of the evidence.[7] No disallowance of Draft Report A and C herein was thus warranted by the inclusion in such reports of evidence which was material but not ultimately deemed credible by the trial justice.
A draft report which is actually incomplete is, however, fatally defective. Photiou v. DelSordo, 1982 Mass. App. Div. 251. A petition to establish an incomplete draft report is customarily denied. Vernon A. Martin, Inc. v. Glidden, 1980 Mass. App. Div. 120, 121. We nevertheless note that in the instant case, all evidence omitted from Draft Report A and C has been recited, summarized and construed in the trialjustice’s memorandum of July 8,1983. We hold, therefore, that Draft Report C,.supplemented by this memorandum, will serve as an accurate record for the presentation of legal issues to this *224 Division. Draft Report C is hereby amended to incorporate the' aforesaid memorandum and, as so amended, is established upon defendant’s petition.
5. The final section of the July 8,1983 memorandum further disallows Draft Reports A and C on the grounds that the denial of a motion for a new trial presents no question of law for appellate consideration.[8].
The trial court correctly stated the familiar principle that requests for ruling which might have been raised at trial cannot be raised as of right for the first time on a motion for a new trial. Haines Corp. v. Winthrop Sq. Cafe, Inc., 335 Mass. 152, 154 (1956); Belkus v. Murdoch, 315 Mass. 86, 87 (1943). It is equally true that a Dist./Mun. Cts. R. Civ. P., Rule 59 motion for a new trial is addressed to the sound discretion of the trial justice. See, e.g., Daddario v. Gloucester, 329 Mass. 297, 301 (1952); Calimlim v. Foreign Car Center, Inc., 1983 Mass. App. Div. 98, 101. An abuse of discretion may, however, present a question of law for review by an appellate court. Fialkow v. DeVoe Motors, Inc., 359 Mas. 569, 576 (1971); Bernard J. Basch & Sons v. Travelers Indem. Co., 1983 Mass. App. Div. 45, 47; Mannion v. Norwood Aviation, 1981 Mass. App. Div. 175. Although instances of actual abuse of judicial discretion are rarely found, see Bartley v. Phillips, 317 Mass. 35, 43-44 (1944), an allegation of the same arising from the disposition of motions pursuant to Dist./Mun. Cts. R. Civ. P., Rules 52 and 59 may in certain cases serve as a proper subject for a draft report.
6. Draft Report C, as amended by the incorporation of the court’s July 8, 1983 memorandum, is hereby established, this case is returned to the trial court for the preparation of a final report form and for the submission of copies of the report and written briefs. Dist./Mun. Cts. R. Civ. P., Rule 64(f).

So ordered.

The question of the propriety of the trial court’s dismissal of Draft Report A was addressed in oral and written argument by counsel for both parties. See, e.g., Loomis Institute v. Pezaris, 1983 Mass. App. Div. 169, 170.

Issues of law may, of course, also arise from the court’s disposition of various motions.

A more precise delineation of appellate issues may be required, however, in the report of, e.g., a case stated in which requests for rulings of law have nostanding. See Associated Discounts Corp. v. Gallineau, 322 Mass. 490, 491 (1948).

Undue elaboration of the basis and nature of the prejudice claimed by the aggrieved party can expose a draft report to disallowance on the grounds that said draft is more in the nature of argument or a written brief than a record of trial court proceedings. See, e.g. Concord Oil Co. v. Palmer, 1984 Mass. App. Div. 121; Kaps, Inc. v. Sherman, 1983 Mass. App. Div. 21, 25-26.

Sueh an inquiry is undertaken, however, only if such issue has been preserved for review by an ■ appropriate request for ruling of law.

As noted above, a draft report which presents no question of law for review is, however, properly dismissed rather than disallowed.