Ruma, J.
In the report before this Division, the defendants claim to be aggrieved by the trial court’s dismissal of their request for a report and draft report.
Judgment was entered for the plaintiffs on October 2,1985. The defendants filed a Dist./Mun. Cts. R. Civ. P., Rule 59 motion for a new trial on October 11, 1985. This motion effectively tolled the time for filing a request for a report and a draft report pursuant to Dist./Mun. Cts. R. Civ. P., Rule 64 (c) (1) (iii):[3] The defendants’1 new trial motion was denied without prejudice on January 8, 1986.
On January 13,1986[4], the defendants filed a motion for reconsideration of the denial of their rule 59 new trial motion. This reconsideration motion was denied on April 8, 1986 and the defendants then filed a request for a report and a draft report on April 18, 1986.[5] Said draft report was dismissed as untimely because it had not been filed within ten days of the trial court’s order denying the defendants’ new trial motion.
The sole issue for review is whether the defendants’ post-judgment motion for reconsideration tolled the time for filing a draft report, thereby rendering the defendants’ appeal timely.
Rule 64 (c) (1) (iii) of the Dist./Mun. Cts. R. Civ. P. specifically enumerates a finite list of post-judgment motions which, when seasonably filed, toll the running of the ten day period in which a draft report must be filed. A motion for reconsideration is not one of these motions. The defendants’ January 13, 1986 submission of a reconsideration motion did not suspend the Rule 64 (c) (1) (iii) filing time, or serve to enlarge or extend Such appeals period for an *12 additional ten days following the disposition of such motion. See Locke v. Slater, 387 Mass. 682, 686 (1982). Such a piggyback approach is not allowed in the rules; a motion for reconsideration does not toll the ten day period. The defendants should have instead filed a draft report by January 13, 1986 to preserve any right of appeal to this Division.
There is no merit to the defendants’ contention that the denial of their new trial motion did not constitute an adjudication because the denial was entered “without prejudice.” The latter phrase did not render the denial meaningless. It is sufficient to note that, pursuant to the express terms of Rule 64 (c) (1) (iii), the ten day draft report filing period automatically commenced anew upon the court’s January 3,1986 denial of the defendants’ Rule 59 motion.
The defendants’ draft report was not filed until April 18,1986, four months after the denial of their new trial motion. The trial court properly dismissed said draft report as untimely. Randazzo v. O’Brien, 1984 Mass. App. Div. 220; Canty v. Canty, 1983 Mass. App. Div. 171; Gordon v. Pantos Canvas Corp., 1983 Mass. App. Div. 26.
There being no error, the report is dismissed.
The plaintiffs’ motion for attorneys’ fees is denied.

 Rule 64 (c) (1) (iii) of the Dist./Mun. Cts. R. Civ. P. states in relevant part: The running of (lie time for filing a request for report and for filing a draft report shall be terminated as to all parties by a timely motion ... pursuant to the rules hereinafter enumerated ... and the full time for filing ... shall commence to run and shall be computed from the entry of any of the following orders ... (1) granting or denying a motion under Rule 52 (b) ...; (2) granting or denying a motion under Rule 59 to alter or amend the judgment; (3) denying a motion for a new trial under Rule 59.”

 This date is derived from the docket. The report incorrectly recites that the defendants’ reconsideration motion was filed on January 16,1986.The report contains several other procedural and substantive infirmities, including an erroneous captioning of the plaintiffs’ names, 1 he omission of the trial justice’s signature and the omission of the requisite statement that the report cont ains all material evidence.

 Again, this date is taken from the docket. The report states that the defendants’ draft report was submitted on April 17,1986.