Doyle, P. J.
This is a petition to establish the defendant’s draft report which the trialjustice “disallowed”[1] for non-compliance with the ten day filing time requirements of Dist./Mun. Cts. R. Civ. P., Rule 64(c)(l)(i).
The defendant claims to be aggrieved in the draft report at issue by the trial court’s denial of the defendant’s “Motion to Vacate Judgment and File Answer Late.” Incomprehensible deficiencies and omissions in the trial court docket have engendered conflicting accounts by the trialjustice and the defendant as to the operative dates of post-judgment developments in this case, and have needlessly complicated our review of its procedural history.
A default judgment was entered on June 18,1987, and execution issued on June 29,1987.[2] The defendant filed a “Motion to Remove the Default and File an Answer Late” on July 3,1987. On July 16,1987, the trialjustice ordered that said motion would be denied unless the defendant filed a bond in the sum of $34,495.35 by July 21,1987. No bond was filed, no extension was sought by the defendant, and more significantly, no entry of the effective denial of the defendant’s motion was made on the docket of July 21,1987. On the following day, July 22,1987, the defendant filed a Motion to Vacate Judgment and File Answer Late.
In its draft report, the defendant alleges that the Dist./Mun. Cts. R. Civ. P., Rule 60(b) motion was first heard by the trial justice on August 6, 1987; continued to August 13,1987 to permit the plaintiff to file a counter-affidavit; and then on August 13, 1987, “continued generally with the condition that if the defendant did not file a bond, the motion would be denied.” Conversely, the trial justice’s order of disallowance expressly states that the defendant’s Rule 60(b) motion was denied on August 13, 1987. The docket sets forth inconclusive entries consisting of little more than unexplained notations of the August 6,1987 and August 13,1987 dates.[3]
*139 The trial justice’s assertion that the defendant’s Rule 60 motion was actually denied on August 13, 1987 is substantiated by two subsequent filings by the defendant.[4] On August 20, 1987, the defendant filed a request for a report specifically challenging the “Court’s ruling on August 13, 1987 relative to the defendant’s Motion to Vacate Judgment and File Answer Late.” The defendant also filed on the same date a request for an extension of time to file a draft report.[5] No action was ever taken on either of the defendant’s requests.
The defendant’s proposed draft report alleges that the defendant’s Rule 60(b) motion, filed on July 22,1987, was contin ued generally until February 3, 1988 when it was denied by the trial court. The trial justice’s order of disallowance states, however, that on January 21, 1988, the defendant remarked its previously denied Rule 60(b) motion for February 3, 1988, and that the motion was again denied on that date. The docket discloses only a February 3, 1988 denial of the defendant’s motion.
All parties agree that the defendant thereafter filed on February 12,1988 a request for a report and draft report challenging the court’s February 3,1988 denial of the defendant’s Motion to Vacate Judgment and File Answer Late. On March 9, 1988, the court “disallowed” the defendant’s February 12, 1988 request for a report on the grounds that the “defendant failed to file the draft report within ten days after entry of judgment pursuant to Rule 64(c)(1)(h).”
1. Pursuant to Dist./Mun. Cts. R. Civ. P., Rule 64(c)(1)(h), a draft report must be filed within ten days of the entry of judgment. See, e.g., Cardiff v. Dalpe, 1982 Mass. App. Div. 43. A draft report challenging the denial of a Rule 60(b) motion to vacate judgment must similarly be filed within ten days of the disposition of such motion. The trial court herein did in fact enter an order denying the defendant’s renewed motion to vacate judgment on February 3, 1988. The February 12,1988 draft report now sought to be established by the defendant was filed nine days after the court’s denial of the defendant’s motion. As a technical matter, the defendant’s draft report was thus timely; and the trial court’s disallowance of such draft report is hereby vacated.
2. It is necessary to note, however, that in this case, a strictly arithmetical computation of a ten day draft report filing period from the trial court’s third denial of the defendant’s efforts to secure relief from judgment obscures both the legal character of the defendant’s motions and the nature of the court’s consideration of the same. As early as July 16,1987, it was clear that the trial justice’s decision was to offer the defendant only conditional relief from the default judgment entered against it. The defendant failed to avail itself of this conditional relief by filing a bond within the time specified by the court. The defendant’s failure to file the bond should have resulted on July 21,1987 in the trial court clerk’s entry of the effective denial of the defendant’s motion, with appropriate notice to both parties. The trial j ustice’s ruling that the defendant failed to file a timely draft report signifies the court’s awareness of the defendant’s failure to claim an appeal from the court’s first and decisive denial on July 21, 1987 of the defendant’s request for relief from judgment.
Given the court’s July 16, 1987 disposition of the defendant’s Motion to *140 Remove Default and File Answer Late, the defendant’s submission on July 22, 1987 of a Motion to Vacate Judgment and File Answer Late was no more than a -request for reconsideration of the court’s earlier ruling. See, e.g., Peterson v. Hopson, 306 Mass. 597 (1940). The court clearly denied this motion for reconsideration on August 13, 1987, as evidenced by the defendant’s subsequent request for a report. The defendant failed, however, to perfect its Dist./'Mun. Cts. R. Civ. P., Rule 64 appeal to this Division by submitting a draft report by August 20, 1987 and by obtaining a settlement of the same within three months. Lewis v. Bob Brest Buick, Inc., 1987 Mass. App. Div. 97, 98, aff'd 26 Mass. App. Ct. 1104 (1988); Hough v. Newton, 1985 Mass. App. Div. 8. The defendant’s January, 1988 remarking of its motion to vacate judgment was clearly designed to resurrect moribund appellate rights by securing the trial court’s second reconsideration of the defendant’s request for relief from the June 18, 1987 default judgment.
A motion for reconsideration does not, however, toll the time for requesting a report to this Division. See Konieczny v. Robert P. Sullivan, Inc., 1987 Mass. App. Div. 11, 12. The defendant forfeited its right to appellate consideration of the merits of both its Motion to Remove the Default and File Answer Late and its Motion to Vacate Judgment by failing to request timely reports of the court’s disposition of such motions. The defendant is now entitled, by virtue of its February 12,1988 draft report, only to a review of the trial court’s February 3, 1988 refusal to reconsider these motions. Ordinarily, a decision to reconsider rests within the broad discretion of a trial justice. See Gianelli v. Vatco Industries, Inc., 1986 Mass. App. Div. 10, 12-13 and cases cited. The defendant’s appeal will, therefore, present only the narrow issue of a possible abuse of judicial discretion which consists of judicial action “that no conscientious j udge, acting intelligently, could honestly have taken.” Bartley v. Phillips, 317 Mass. 35, 43 (1944) and cases cited.
3. On the basis of the foregoing, the defendant’s petition to establish a report is allowed. The defendant’s draft report, as modified by this Opinion, is hereby established. This case is remanded to the trial court for the filing of the required number of copies of the report and written briefs pursuant to the fifteen day rule of Dist./Mun. Cts. R. Civ. P., Rule 64(f). Report copies shall include the defendant’s July 3, 1987 and July 22, 1987 motions, and all supporting and opposing affidavits.
So ordered.

A draft report which is not filed within the ten day period prescribed by Dist./Mun. Cts. R. Civ. P., Rule 64(c) should be “dismissed” rather than “disallowed." See Locke v. Slater, 387 Mass. 682, 686 (1982); Canty v. Canty, 1983 Mass. App. Div. 171.

Execution was not docketed.

The partially typed, partially handwritten docket for this period is as follows:
“July 22, 87 Def.’s motion to vacate judgment and file answer late 8/6
8/6/87 Cont’d to 8/13/87 J. Bailey 1/26”
No explanation has been provided to this Court.

Only one of these is noted on the docket.

The defendant’s request for an extension, which remains on file in the trial court, was never docketed. The handwritten docket for this period is as follows:
“Aug. 20/87 Deft’s request for a report
Aug. 20/87 Cont”
No explanation of what was continued on August 20, 1987 was provided to this Court.