Dolan, PJ.
This is a petition to establish a report that was not timely filed. We decline to establish the late report.
Plaintiff brought this action alleging that defendant owed it for repairs to, and storage of, defendant’s motor vehicle. After plaintiff’s motion for summary judgment was allowed, an assessment of damages hearing was held and damages were assessed at $421.63. On May 20,1993, judgment was entered in this amount. The docket reflects that notice of the court’s finding was sent on that date.
Plaintiff was dissatisfied with the amount of damages assessed and, on June 14, 1993, filed a motion for a new trial and amendment of judgment, a motion to extend the time to file a request for a report, and a request for a report. A draft report was not filed. Plaintiff also filed an affidavit stating that it was not until June 7,1993 that it received notice of the court’s findings and rulings. On July 1, 1993, plaintiff’s motions were denied.
On July 13,1993 plaintiff filed a draft report on the court’s denial of its motion for a new trial and its motion to extend time to file its report. This draft report was filed late. It should have been filed within ten days of the court’s denial of plaintiff’s motions if it felt aggravated by the court’s decision, as provided by Dist./Mun. Cts. R Civ. P, Rule 64(c) (1) (i). Nickerson Lumber Company v. Cobb, 1981 Mass. App. Div. 193, 194-195; Nonantum Lumber Company v. JSL Construction Services Management Corporation, 1988 Mass. App. Div. 138, 139. On October 21,1993 this draft report was disallowed, without reasons.[1] On October 26, 1993, plaintiff filed this petition to establish its disallowed draft report.
Plaintiff offers no reason why its draft report seeking a review of the denial of its motions was filed late. It simply alleges that it’s motion to extend time to file a draft report on the case in chief should have been allowed because it did not receive notice of judgment until after the time for filing a draft report had expired. It further alleges that its appeal has merit because the court failed to establish a lien for its benefit on defendant’s vehicle, and failed to order the sale of the vehicle to satisfy its lien. However, the alleged meritorious arguments are moot.
These arguments are moot because defendant has tendered payment to plaintiff of the full amount of the judgment. This is the only amount plaintiff is entitled to recover. The lien and sale only provide a means to obtain this full amount. Although plaintiff has refused this tender of payment, defendant has indicated that its offer of payment remains open.
Accordingly, after a review of the procedural history of this case, the petition is denied.

A draft report which is not filed within the ten day period prescribed by Dist./ Mun. Cts. R Civ. R, Rule 64(c) should be “dismissed” rather than “disallowed.” See Gallagher v. Atkins, 305 Mass. 261, 264 (1940).